OPINION OF THE COURT

Per Curiam.

The courts below were without jurisdiction to pass upon the petition to invalidate the petition designating George R. Arney as a candidate for the Republican Party nomination for the office of State Senator, 52nd Senatorial District, because the specifications of objection to the petition were not filed within six days after the general objection was filed. The order of the Appellate Division should, therefore, be reversed and the proceeding dismissed and the State Board of Elections directed to place appellant’s name on the appropriate ballots.
The papers before us establish that Marie Bush by letter dated July 28, 1980, mailed to the State Board of Elections in an envelope postmarked July 28, 1980 and received by the *98 board on July 31, 1980, objected generally to the Arney designating petition, and that by letter dated August 4, 1980, mailed in an envelope postmarked August 5, 1980 and received by the board on August 7, 1980, specifications of the objections were filed by Ms. Bush. While we have no transcript of the proceeding before the Trial Judge, there not being time for transcription, the parties have stipulated on argument before us that an objection to jurisdiction on the ground that the specifications had not been timely filed was made and was overruled by the Trial Judge. The Appellate Division briefs show that the point was argued there as well: We conclude that in failing to dismiss on jurisdictional grounds the courts below erred.
There can be no question that the failure to file specifications within six days after the filing of general objections is jurisdictionally fatal. Subdivision 2 of section 6-154 of the Election Law, both before and after the amendments effective December 1, 1978, expressly provided: "When such an objection is filed, specifications of the grounds of the objections shall be filed within six days thereafter * * * and if specifications are not timely filed, the objection shall be null and void.” Moreover, we have held under prior versions of the Election Law that the failure is jurisdictional (Matter of Maneiro v Northrup, 34 NY2d 963, 964; see Matter of Kavesh, 247 App Div 175; 18 NY Jur, Elections, §§ 375, 385).
Determination of when the six-day period begins to run thus turns on when the general objection is filed. Subdivision 1 of section 1-106 of the Election Law provides that "All papers sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be deemed timely filed and accepted for filing when received” and also that "If the last day for filing shall fall on a Saturday, Sunday or legal holiday, the next business day shall become the last day for filing.” Petitioner argues that the words "accepted for filing when received” require the conclusion that her objections were filed on July 31 when received rather than on July 28 when mailed. The history of the first quoted sentence shows the contrary. Prior to the revision of the Election Law by chapter 233 of the Laws of 1976 the first quoted sentence read "All papers sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be accepted for filing when received,” the words "deemed timely filed and” being inserted after "shall be” by chapter 233. Thus, prior to the *99 1976 amendment the sentence required acceptance when received as filed prior to the last day for filing, provided the envelope bore the required postmark. The use of the words "deemed timely filed” (italics supplied) in the 1976 amendment makes doubly clear that the filing referred to is on the postmarked date prior to the last day for filing, for if the actual receipt constituted the date for filing there would be no need to "deem” the filing timely; it would be timely because the statute expressly permitted late filing not because its filing was related back to the last day for filing by "deeming” it timely filed.
The rule for which petitioner contends would result in a multiplicity of filing deadlines and render meaningless the requirement of subdivision 2 of section 6-154 that specifications be filed within six days after objections. By the simple process of mailing his general objection the objector could extend his time to file specifications by the number of days between the mailing to and the receipt by the board of his general objection. Yet there is no need for such an extension, for an objector knows when he filed his general objection, and thus when his time to file specifications begins to run. Petitioner’s construction of the filing requirement could conceivably more than double the time for filing specifications depending on what the delay in mail delivery in a particular case happened to be.
That such was not the legislative intent is clear from the legislative history discussed in our decision in Matter of Carr v New York State Bd. of Elections (40 NY2d 556). In that case certificates of nomination for judicial office were filed 10 hours late. We reversed the Appellate Division’s order affirming the judgment of Special Term requiring the board to accept the certificate and dismissed the petition. In doing so we noted the prior judicial practice of permitting such errors to be corrected notwithstanding the mandatory language of the sentence in question, then part of section 143 of the Election Law. We then quoted from the Department of State memorandum concerning the 1969 amendment to the subdivision (NY Legis Ann, 1969, pp 249-250) the following language:
"The purpose of the election time-table is to establish an orderly progression of events culminating in the election of candidates to public office or party position. The mandatory nature of the provisions of the Election Law relating to the *100 time for filing establishes the rules of the game, which should be applied to all with equal effect.
"The Legislature, in making the time limitations for filing mandatory, intended that such provisions be construed strictly. A liberal construction of such provisions would diminish their effect, resulting in confusion and inequality.
"The purpose of this bill is to overcome the trend of recent court decisions which have had the effect of impairing the mandatory nature of the time-table.
* * *
"It is therefore of paramount importance that it be made crystal clear that the time limitations for filing are mandatory”
and concluded that (40 NY2d, at p 559): "Section 330 of the Election Law vests jurisdiction in the Supreme Court to summarily determine any question of law Or fact arising in respect to the nomination of any candidate, same to be construed liberally and with a direction to courts to make such order as justice may require. These provisions, however, do not permit a court to ignore the statutory mandate of subdivision 12 of section 143 of the Election Law, since the explicit language of the later statute control over the general words of the earlier enactment (Gwynne v Board of Educ., 259 NY 191, 197; East End Trust Co. v Otten, 255 NY 283, 286), this being especially so in this instance where it is apparent that the Legislature enacted the later statute to make 'the time limitations provided therefor absolute and not a matter subject to the exercise of discretion by the courts.’ ”
Petitioner argues further that to hold that filing occurs on the date of mailing rather than the date of receipt may make it possible to forestall objection by simply filing a petition by mail in the hope that the three days in which to file a general objection will have run before the petition is received by the board. The short answer is that that situation is not before us. Moreover, Matter of Pell v Coveney (37 NY2d 494) suggests a remedy where it appears that the late receipt by the board of the petition has made it impossible for an objector to file his general objection within the required three-day period after filing, and, of course, the Legislature, if it sees fit to do so, may obviate the problem by amending either or both of the subdivisions in question. Whatever the solution to that problem may be, it constitutes no reason to ignore the specific legisla *101 tive direction in section 6-154 as now worded that the grounds of objection be filed within six days after the general objection.
Since petitioner’s time to file her specifications began to run on July 28, 1980 when her general objection was mailed, her six days to file specifications expired on August 3, 1980. That, however, having been a Sunday, her time to file was extended by the second sentence quoted above to the next business day, August 4. In fact, however, as noted above, she mailed her specifications on August 5 and they were received August 7.
The specifications not having been timely received, the general objection was "null and void” (Election Law, § 6-154, subd 2) and the court was without jurisdiction to entertain the petition. It follows that the order of the Appellate Division should be reversed and the petition should be dismissed, with directions to the State Board of Elections as above noted.*

 The dissent requires that we observe (1) that Matter of Taylor v McNab (40 NY2d 821) has no bearing on a jurisdictional question, (2) that the State Board of Elections is a party to this proceeding, but has not seen fit to appear and argue (cf. Matter of Butler v Hayduk, 37 NY2d 497, 499), (3) that the court in Matter of Higby v Mahoney (48 NY2d 15, 21, n 3) explicitly rejected the “novel proposition” that the need for “deliberative” consideration distinguished election cases from cases of other types as precedents, (4) that the parties have stipulated that the Trial Judge ruled on the jurisdictional objection from the bench, and (5) that the Board of Election’s error in its letter of July 31, 1980 is simply irrelevant since it cannot by interpretation expand the command of the statute. Matter of Farrell v Morton (268 NY 622) is exactly in point on the last observation.