(October 13, 1981)

■ In the Matter of JOHN H. BENSON, Appellant, v GEORGE P. SCARINGE et al., Constituting the Board of Elections of the County of Albany, et al., Respondents. — Appeal from a judgment of the Supreme Court at Trial Term (Marinelli, J.), entered October 5, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the designating petition naming Anne L. Gaffney as the All Guilderland Party candidate for the office of Town Supervisor of the Town of Guilderland, Albany County, in the November 3, 1981 general election. Respondent Gaffney's designating petition was received by the Albany County Board of Elections on September 16, 1981, bearing a postmark of September 15, 1981. Petitioner's general objections thereto bore a postmark of September 21, 1981 and were received by the respondent board on

September 22, 1981. While there is absent in the record any official board determination upon petitioner's objections, we note that this proceeding was commenced by an order to show cause signed on September 25, 1981, the date specifications of objections were delivered to the respondent board. Trial Term, in dismissing the petition, determined that the general objections were not filed within the time specified by subdivision 2 of section 6-154 of the Election Law. Initially, we note the distinction between the filing of general objections, which may be but a single sentence, and the filing of specifications of objections which are necessarily more detailed. *Matter of Bush v Salerno* (51 NY2d 95), relied upon by respondent Gaffney, is concerned exclusively with the timeliness of filing specifications of objections, and, as such, is readily distinguishable from the instant case. In *Bush,* the Court of Appeals correctly found (p 99) that "an objector knows when he filed his general objection, and thus when his time to file specifications begins to run". However, to require a party to file a general objection within three days of the date a designating petition is postmarked is impractical, because, should delivery to the board by the postal service take more than three days, the time within which to file a general objection would have elapsed before the objector could have known the designating petition was even filed, let alone have opportunity to view the very material to which he objected. Trial Term held that it was "constrained" to dismiss the petition in reliance upon *Matter of Bush v Salerno (supra)* which interpreted subdivision 1 of section 1-106 of the Election Law to mean that papers are *filed* when mailed and *accepted* for filing when received by the board. We find no fault with such construction where, as noted above, the objector knows, or can know, the date the statute is triggered. However, such a construction should not be applied where, as here, an objector could not know of either the existence of a petition or its contents until it was received by the board. The Court of Appeals in *Bush* (p 100) declined to reach this issue, stating "The short answer is that that situation is not before us". Unlike the *Bush* case, we find "that situation" present here. Petitioner's three days to file his general objection commenced when the board received the designating petition and accepted it for filing on Wednesday, September 16, 1981. The third day thereafter being a Saturday, petitioner timely filed his general objection by mailing it on Monday, September 21, 1981 (Election Law, § 1-106, subd 1; see *Matter of Bartolomeo v Acito,* 65 AD2d 660, mot for lv to app den 45 NY2d 712). Judgment reversed, on the law, without costs, and petition reinstated; matter remitted to Trial Term for further proceedings not inconsistent herewith. Yesawich, Jr., Weiss and Herlihy, JJ., concur.

Mahoney, P.J., and Kane, J., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). We would affirm the judgment of Trial Term and only note that, in our view, when the Court of Appeals was called upon to interpret section 1-106 of the Election Law, it determined that the act of mailing commenced the measuring point for the time to file general objections as well as specifications *(Matter of Bush v Salerno,* 51 NY2d 95).