OPINION OF THE COURT
Morris Slifkin, J.
Petitioner seeks to invalidate and declare null and void the Liberal Party designating petition which names William K. Nelson as a candidate for election to the office of Family Court Judge of Rockland County.
The motion made on behalf of the Board of Elections to dismiss the petition for failure to have attached thereto a copy of the specifications and objections which were filed in the office of the Board of Elections is denied. The board is charged with notice of the documents in its possession. Nor is there any demonstration of prejudice.
*288 By stipulation, the sole issue to be decided by the court is limited to the following statement: Where, as a general pattern, the designating petition has been signed and then notarized, but at such time, the designations of the election district, assembly district and/or the municipality are blank, and thereafter but prior to the filing of the designating petition with the Board of Elections that such designating petitions were then delivered to the campaign manager or the secretary of the candidate and the blank spaces were filled in by an unknown person correctly and accurately but without the direction or knowledge of the notary public, and without the direction or knowledge of the candidate, whether this would constitute an alteration sufficient to invalidate those signatures on the designating petition.
The parties stipulate that the procedure above outlined is the custom and usage heretofore existing in Rockland County and other counties.
It is conceded by petitioner and by respondents that if such signatures are invalidated, then respondent William K. Nelson will have insufficient signatures to support his petition and the relief sought herein to invalidate must be granted. Further, it is conceded that if the court finds the signatures to be valid, then respondent William K. Nelson will have sufficient signatures to support his designating petition and the relief sought herein must be denied.
The sole duty of the notary public taking the signature of a signer is to attest that each individual signer personally came before that notary, that the person signed in the presence of the notary and upon being duly sworn, declared the foregoing statement made and subscribed by him or her was true (Election Law, § 6-132, subd 3). Thus no duty devolves on the notary public under the statute to complete the designations of the election district, the assembly district or the municipal subdivision. Nor is there a statutory duty on the signer of the designating petition to provide and complete such information (Election Law, § 6-134, subd 8).
It is conceded that the information inserted was correct in all respects. It is the timing of the insertions which is the attack thrust of the petitioner.
*289 These insertions are clearly not an erasure (see Matter of Warsoff v Cohen, 289 NY 108). Nor can they be characterized as alterations. “Alteration” is defined as “[a] change of a thing from one form or state to another” (Black’s Law Dictionary [Rev 4th ed], p 103; emphasis added).
Further, these insertions were designed to avoid invalidation of the petition through a failure to provide the information inserted (Matter of Berry v Dodd, 38 NY2d 995; Matter of Honig v Board of Elections, 38 NY2d 995).
The parties stipulated that the procedures in connection with the completion of the designating petitions were the common custom and usage in Rockland County and other counties in New York State. This court is of the opinion that where there is no statutory direction designating the person having the duty to insert this information under subdivision 2 of section 6-132 of the Election Law and where the information subsequently added is correct, it cannot serve as a basis to invalidate the designating petition. The purpose of this information is to provide a basis for the use of the Board of Elections to check the identity of the signer and not to further burden the individual signer in the exercise of his or her rights to designate a candidate. There is no claim of prejudice nor can there be under the instant facts.
Petitioner has referred to the decision in Matter of Bush v Salerno (Supreme Ct, Aug. 27,1980, Weiss, J.) in Albany County, affirmed by the Appellate Division, Third Department (78 AD2d 559), reversed on other grounds by the Court of Appeals (51 NY2d 95). This case is clearly distinguishable from the instant case.
The decision of the lower court dealt with the insertion of the ward/assembly district, the number of the election district and the dates of execution in the statement of the subscribing witness (Election Law, § 6-132, subd 2) after the subscribing witness had executed his or her statement. The trial court reached the conclusion that the late insertion constituted an alteration of the designating petition and invalidated the petition.
The language of the statute (Election Law, § 6-132, subd 2) specifically imposes on the subscribing witness the duty *290 to complete his or her statement with that information before signing. The failure to do so prior to signing is a valid basis for invalidation.
The cases cited in the decision in the lower court deal specifically and solely with the alteration clause of the subscribing witness. In view of the absence of a similar duty on the part of a signer to a designating petition (Election Law, § 6-132, subd 1) or on the part of the notary public (Election Law, § 6-132, subd 3), the reasoning of Bush (supra) cannot and does not apply to the instant case.
By way of comment on the stare decisis effect of the Bush decision in the lower court and the affirmance thereof on the opinion below by the Appellate Division, it is to be noted that the Court of Appeals in its decision (51 NY2d 95, 97, supra) stated, “[t]he courts below were without jurisdiction to pass upon the petition to invalidate the petition”. This finding suggests that the decisions of the trial court and the Appellate Division were void although these courts had jurisdiction over the parties and had the power to act on such a matter (1 Carmody-Wait 2d, NY Prac, §§ 2:83, 2:80). Under these circumstances, this court is not bound to follow the decision of the Appellate Division (1 Carmody-Wait 2d, NY Prac, § 2:63).
The petition herein is dismissed and the designating petition is found valid.