■ In the Matter of SUSAN J. HUTCHINS, Appellant, v FRANK CULVER et al., as Commissioners of Elections of Fulton County, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Crangle, J.), entered August 13, 1984 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the designating petition naming respondent Richard H. Hood as a Conservative Party candidate for the office of Family Court Judge of Fulton County in the September 11, 1984 primary election.

On July 26, 1984, a designating petition naming respondent Hood as a Conservative Party candidate for the office of Family Court Judge of Fulton County was filed with the Board of Elections of Fulton County. Objections by petitioner were served by mail on July 28, 1984 and were timely received by the Board of Elections on July 30, 1984. At approximately 8:30 A.M. on August 1, 1984, specifications of objections were delivered on behalf of petitioner to the Board of Elections and time stamped at 8:31 A.M. on that date. In the ensuing election proceeding to invalidate respondent Hood's designating petition, Special Term dismissed petitioner's application on the ground that her specifications of objections were improperly filed. This appeal by petitioner ensued.

Objections to a designating petition must be filed with the board of elections within three days after the petition is filed, and specifications of objections must be filed within six days thereafter (Election Law, § 6-154, subd 2). Moreover, all papers required to be filed pursuant to provisions of the Election Law must, unless otherwise indicated, "be filed between the hours of nine A.M. and five P.M." (Election Law, § 1-106, subd 1). These time limits are mandatory and "the judiciary is foreclosed from fashioning exceptions, however reasonable they might be made to appear" (*Matter of Sheehan v Aylward,* 84 AD2d 602, 603, affd 54 NY2d 934).

In the instant case, the specifications were delivered within the six-day period. However, they were not delivered between 9:00 A.M. and 5:00 P.M., but at about 8:30 A.M. Petitioner contends that "filing" did not occur when her representative delivered the specifications, but when the Commissioner of Elections filed them as a public record. Petitioner further argues that since the statute provides that filing can only occur between 9:00 A.M. and 5:00 P.M., the commissioner of elections should be deemed to have filed the specifications at the appropriate time, i.e., 9:00 A.M. We disagree. For the purposes of subdivision 1 of section 1-106 of the Election Law, the specifications were filed when delivered by petitioner's representative to the Board of Elections. Since that occurred outside the clearly defined time period set forth in the statute, the filing was defective.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.