(March 14, 1985)

■ In the Matter of JULIANN PERSICHETTI, Appellant-Respondent, v THOMAS F. BOLLATTO, JR., et al., Respondents, and CARL WRIGHT et al., Respondents-Appellants. — In a proceeding pursuant to article 16 of the Election Law, the cross appeals are from a judgment of the Supreme Court, Rockland County (Ruskin, J.), dated March 8, 1985, which declared that petitioner had timely filed objections to the petition nominating certain candidates for elective offices in the Village of Sloatsburg.

Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits.

The last day for filing an independent nominating petition for the offices to be filled at the March 19, 1985 village election was February 26, 1985 (Election Law § 15-108 [8] [a]). Any objection to such a petition was required to be filed in the office of the village clerk no later than one day thereafter, i.e., on or before February 27 (Election Law § 15-108 [10]). The objections to the petition nominating the candidates in question were not filed with the village clerk on or before February 27. Instead, the objections were sent by mail in an envelope which was postmarked February 28. Since the envelope was not postmarked prior to midnight on February 27, the objections contained therein may not be deemed timely filed pursuant to Election Law § 1-106 (1). These time limits are mandatory and " 'the judiciary is foreclosed from fashioning exceptions, however reasonable they might be made to appear' " (*Matter of Hutchins v Culver,* 104 AD2d 533, 534, quoting *Matter of Sheehan v Aylward,* 84 AD2d 602, 603, *affd* 54 NY2d 934).

The failure to file the objections in a timely manner renders them null and void (Election Law § 15-108 [10]; *see also, Matter of Bush v Salerno,* 51 NY2d 95, 98). Accordingly, the courts lack jurisdiction to entertain any proceeding to invalidate the nominating petition, and the judgment under review must therefore be reversed. In light of this disposition, we do not address the parties' remaining contentions. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.