In the Matter of JACQUELINE IRVIN, Appellant-Respondent, v ALICE SACHS et al., Respondents, and TINNIE ACKERMAN, Respondent-Appellant.—In a proceeding, inter alia, to validate a petition nominating Jacqueline Irvin as the candidate of the Political Change Party for the public office of Member of the New York State Assembly from the 23rd Assembly District, Queens County, in the special election to be held on April 28, 1987, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Kohn, J.), dated April 24, 1987, as denied that branch of her application which was to validate the petition, and the objector Tinnie Ackerman cross-appeals from so much of the same judgment as granted that branch of the petition which was to validate the petitioner's certificate of acceptance.

Justice Mangano is substituted for Justice Weinstein who has recused himself (22 NYCRR 670.2 [c]).

Ordered that the judgment is reversed, on the law, without costs or disbursements, that branch of the application which was to validate the petitioner's certificate of acceptance is denied, that branch of the petition which was to validate the nominating petition is dismissed, and the Board of Elections of the City of New York is directed to remove the petitioner's name from the appropriate ballot.

The court erred in granting the petitioner's application insofar as it sought to validate her certificate of acceptance. That certificate was filed on April 9, 1987, three days after the statutory time within which to validly file the certificate had

run (Election Law § 6-158 [11]). The petitioner's failure to timely file her certificate of acceptance is a "fatal defect" (Election Law § 1-106 [2]), and the judiciary is foreclosed from fashioning any exceptions to this requirement, however reasonable they might appear (see, Matter of Baker v Monahan, 42 NY2d 1074). Thus, the nomination of the petitioner for public office is null and void and the branch of the petition which was to validate the nominating petition should have been dismissed (see, Election Law § 6-146 [1]).

We note, however, that the nominating petition was not invalid for the reason given by the Supreme Court, namely, that there was a discrepancy between the number of signatures indicated on the cover sheet and the actual number of signatures contained in the nominating petition (see, Election Law § 6-134 [2]; § 6-138 [2]). The discrepancy involved is inconsequential and does not implicate any of the policy considerations underlying the rule requiring strict construction of the Election Law (see, Matter of Staber v Fidler, 65 NY2d 529). Accordingly, the nominating petition at issue satisfies the requirements of Election Law § 6-134 (2) and § 6-138 (2) (see, Matter of Staber v Fidler, supra; Matter of Barrett v Scaringe, 65 NY2d 946). Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.