(October 14, 1987)

■ In the Matter of ROBERT REILLY, Respondent, v GEORGE P. SCARINGE et al., Constituting the Albany County Board of Elections, Respondents, and WARREN A. HOPSON et al., Appellants.—Per Curiam. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 29, 1987 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming respondent Warren A. Hopson as the Independent candidate for the office of Member of the Albany County Legislature in the November 3, 1987 general election.

An independent nominating petition was filed with the Albany County Board of Elections naming respondent Warren A. Hopson as the Independent candidate for the office of Member of the Albany County Legislature, Legislative District No. 26, in the November 3, 1987 general election. This district is located in the Town of Colonie, Albany County. Petitioner is the Democratic Party candidate for the same office. Subsequent to filing objections with the Board, he commenced the instant proceeding seeking to invalidate the nominating petition on the ground, *inter alia,* that, on several sheets of the petition, the town of residence designated for each signer had been changed. Seventy signatures had the word "Latham",

which is a section of the Town of Colonie, crossed out and the word "Colonie" inserted which correctly states the name of the town in which the signer was registered. Election Law § 6-140 (1) requires that the town or city of a signer be included on the nominating petition.

The order to show cause commencing the instant proceeding provided for service upon respondents: "by personal service or by affixing a copy thereof to the door of the actual place of business, dwelling place or usual place of abode within the State of the person to be served and by mailing such papers to such person at his last known address". As to Hopson, the process server did not affix the papers to the door of his residence, but instead gave the papers to Hopson's son at the Hopson residence. Respondents then moved to dismiss claiming that service upon Hopson was ineffectual. Supreme Court denied the motion and as to the merits of the case also ruled in petitioner's favor. This appeal by respondents ensued.

We affirm. Initially, we agree with Supreme Court that since the order to show cause provided in the alternative that service be effected by personal service or by affixing a copy thereof to the door and by mailing the papers, service was effective in this case. The process server was not required to do both (cf., Matter of Bruno v Ackerson, 51 AD2d 1051, affd 39 NY2d 718). Furthermore, the phrase "personal service" as used in the order to show cause permitted service under either CPLR 308 (1) or (2) and did not restrict such service to personal delivery to Hopson.

Turning to the merits of this case, the 70 signatures included changes and not merely additions to blank spaces (cf., Matter of Bernstein v Nelson, 124 Misc 2d 287, affd 104 AD2d 462, lv denied 63 NY2d 602). These changes were not explained nor was there any proof offered as to when they were made; therefore, Supreme Court properly found the signatures invalid (see, Matter of Johnson v Westall, 208 Misc 360, affd 286 App Div 966; see also, Matter of Jonas v Velez, 65 NY2d 954). Since respondents concede that without these 70 signatures Hopson has an insufficient number of signatures to support his nominating petition, his petition cannot stand.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.