(October 30, 1990)

■ In the Matter of ALFRED K. HICKS, SR., Appellant, v WILLIAM J. EGAN et al., as Commissioners of Elections of Dutchess County, Respondents.—In a proceeding pursuant to Election Law § 16-102 to validate a certificate nominating Alfred K. Hicks, Sr., as the Democratic Party candidate for the public office of Councilman of the Town of East Fishkill, in the general election to be held on November 6, 1990, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered October 19, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

It is now well settled that although substantial compliance with the Election Law is acceptable as to details of form *(see, Matter of Irvin v Sachs,* 129 AD2d 827), there must be strict compliance as to matters of prescribed content *(see, Matter of Higby v Mahoney,* 48 NY2d 15; *Matter of Hutson v Bass,* 54 NY2d 772). Therefore, although timely filed, the error in the certificate of nomination which misidentified the position to be filled by the Democratic Party candidate as Town Justice rather than Councilman rendered that certificate invalid *(see,* Election Law § 6-156; *Matter of Bosco v Smith,* 104 AD2d 462). The untimeliness in filing the corrected certificate of nomination was a fatal defect (Election Law § 1-106 [2]) and the judiciary is foreclosed from fashioning any exceptions to this requirement *(see, Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556; *Matter of Irvin v Sachs, supra).*

Finally, there was no statutory obligation on the Commissioners of Elections to notify the candidate of the defect in his nomination in time for him to submit a valid certificate before

the closing of nominations. Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.