■ In the Matter of LORETTA RAIMONE, Appellant-Respondent, v RICARDO "RICKY" SANCHEZ, Respondent-Appellant, et al., Respondents. [677 NYS2d 150] —In a proceeding pursuant to Election Law article 16 to invalidate petitions designating Ricardo "Ricky" Sanchez as a candidate in a primary election to be held on September 15, 1998, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Senate for the 38th Senate District, (1) the petitioner, Loretta Raimone, appeals from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Bergerman, J.), dated August 11, 1998, as, upon granting that branch of the motion of the respondent Ricardo "Ricky" Sanchez to dismiss the petition on the ground that she lacks standing, dismissed the petition, and (2) Ricardo "Ricky" Sanchez cross-appeals, as limited by his brief, from so much of the same order and judgment as denied that branch of his motion which was to dismiss the petition on the ground that the proceeding was not timely commenced.

Ordered that the order and judgment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed as academic, in light of our determination of the appeal, without costs or disbursements.

The petitioner's general objections were mailed to the New York State Board of Elections. The absence of a postmark on the envelope as required by statute was a "fatal defect" under Election Law § 1-106 (2), and therefore the New York State Board of Elections properly rejected the general objections (*see, Matter of Hogan v Goodspeed,* 196 AD2d 675; *Matter of Persichetti v Bollatto,* 109 AD2d 811). Accordingly, the Supreme Court correctly concluded that the proceeding should be dismissed because the petitioner lacks standing (*see, Matter of Bennett v Justin,* 51 NY2d 722; *Matter of Zogby v Longo,* 154 AD2d 889).

In light of our determination that the proceeding was properly dismissed, we do not reach the contention of Ricardo "Ricky" Sanchez that the proceeding was not timely commenced. Bracken, J. P., Altman, McGinity and Luciano, JJ., concur.