(August 22, 2001)

■ In the Matter of MICHAEL AMO, Appellant, v ORANGE COUNTY BOARD OF ELECTIONS, Respondent. [730 NYS2d 249] —In a proceeding pursuant to Election Law § 16-102, *inter alia,* to compel the respondent Orange County Board of Elections to accept the certificate of authorization designating the petitioner, Michael Amo, as the candidate of the Conservative Party for the public office of Legislator for the First Legislative District of Orange County, the appeal is from a final order of the Supreme Court, Orange County (Owen, J.), dated August 8, 2001, which denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

Pursuant to Election Law § 1-106 (1), "[a]ll papers sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be deemed timely filed and accepted for filing when received." In this case, the last day for filing the certificate of authorization was July 16, 2001. However, the petitioner's certificate of authorization was received by the respondent in an envelope postmarked July 17, 2001. Thus, the certificate was untimely filed (*see,* Election Law § 1-106 [1]; *Matter of Maurer v Monescalchi,* 264 AD2d 542; *Matter of Hogan v Goodspeed,* 196 AD2d 675, *affd in part, appeal dismissed in part* 82 NY2d 710; *Matter of Persichetti v Bollatto,* 109 AD2d 811). In this case, untimely filing of the certificate of authorization is a "fatal defect" and the judiciary is foreclosed from fashioning any exceptions (Election Law § 1-106 [2]; *see, Matter of Plunkett v Mahoney,* 76 NY2d 848; *Matter of Hicks v Egan,* 166 AD2d 735). Santucci, J. P., Krausman, Goldstein and Cozier, JJ., concur.