(March 17, 2006)

■ In the Matter of JOHN FITZPATRICK et al., Respondents, v SUSAN CIAMARRA et al., Respondents, and JOHN DEBITETTO, Appellant. [811 NYS2d 767]—

In a proceeding pursuant to Election Law § 16-102 to validate a certificate nominating John Fitzpatrick and Jeffrey Zuckerman as candidates of the Democratic Party for the public office of Village Trustee of the Village of Tuckahoe, Westchester County, in the general village election to be held on March 21, 2006, or in the alternative, to authorize and direct the Chair of the Democratic Party Committee of the Village of Tuckahoe to call a new Democratic Party Caucus for the Village of Tuckahoe for the purpose of nominating candidates for the subject office in the March 21, 2006 general village election, to comply with the requirements of Election Law § 15-108, and to file the necessary papers evidencing any such nominations with the Village Clerk of the Village of Tuckahoe, the appeal is from so much of a final order of the Supreme Court, Westchester County (Nicolai, J.), entered February 16, 2006, as granted the petition to the extent of authorizing the Democratic Party Committee of the Village of Tuckahoe to conduct a new nominating caucus on or before March 2, 2006, for the purpose of nominating candidates for the public office of Village Trustee of the Village of Tuckahoe in the general village election to be conducted on March 21, 2006, and to file with the Westchester County Board of Elections the necessary documents to evidence any such nominations.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied in its entirety, and the proceeding is dismissed.

The Supreme Court denied that branch of the petition which was to validate the certificate nominating John Fitzpatrick and Jeffrey Zuckerman as candidates of the Democratic Party for the public office of Village Trustee of the Village of Tuckahoe on the ground that notice of the party caucus was not provided to the Westchester County Board of Elections in accordance with the requirements of Election Law § 15-108 (2) (c) (*see Matter of Chevere v Sunderland,* 303 AD2d 428 [2003]; *Matter of Freed v Hill,* 176 AD2d 1065 [1991]; *Matter of Densmore v Westall,* 280 App Div 939 [1952]).

However, the Supreme Court erroneously granted the petition to the extent of authorizing the Democratic Party Committee of the Village of Tuckahoe to conduct a new nominating caucus on or before March 2, 2006 for the purpose of nominating candidates for the public office of Village Trustee of the Village of Tuckahoe in the general village election to be conducted on

March 21, 2006, and to file with the Westchester County Board of Elections the necessary documents to evidence any such nominations. The Supreme Court lacked the authority to grant such relief, which enabled the petitioners to circumvent the requirements and mandatory deadlines contained in Election Law § 15-108 (*see Matter of Carr v New York State Bd. of Elections*, 40 NY2d 556 [1976]; *Matter of Amo v Orange County Bd. of Elections*, 286 AD2d 454 [2001]; *Matter of Hicks v Egan*, 166 AD2d 735 [1990]). Schmidt, J.P., Crane, Santucci and Krausman, JJ., concur.