■ In the Matter of VINCE V. ANELLO, Appellant, v NIAGARA COUNTY BOARD OF ELECTIONS et al., Respondents. [842 NYS2d 620]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 16, 2007 in a proceeding pursuant to Election Law article 16. The order, inter alia, denied the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order denying his petition seeking to validate his designating petition for the office of Mayor of the City of Niagara Falls and directing respondent Niagara County Board of Elections (Board of Elections) to place his name on the ballot for the Democratic primary election on September 18, 2007. We affirm. Petitioner contends that the three-day period within which respondent Michael W. Rimmen was permitted to file general objections to petitioner's designating petition pursuant to Election Law § 6-154 (2) began

to run from the date on which the designating petition was postmarked inasmuch as the designating petition was deemed filed on that date pursuant to Election Law § 6-154 (2). We reject that contention. Rather, the three-day period within which to file general objections to a designating petition commences when the designating petition is received and accepted for filing by the Board of Elections, not when such petition is postmarked (*see Matter of Miele v Reda*, 243 AD2d 566 [1997], *lv denied* 90 NY2d 811 [1997]; *Matter of Benson v Scaringe*, 84 AD2d 603, 604 [1981], *lv denied* 54 NY2d 609 [1981]; *see also Matter of Bartolomeo v Acito*, 65 AD2d 660 [1978], *lv denied* 45 NY2d 712 [1978]). Contrary to petitioner's further contention, the fact that Election Law § 1-106 (1) states that "[a]ll papers sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be deemed timely filed and accepted for filing when received" does not require a contrary result.

Here, it is undisputed that petitioner's designating petition was received and accepted for filing by the Board of Elections on July 23, 2007 and that Rimmen filed his general objections to the designating petition on July 25, 2007. Rimmen's general objections to the designating petition, filed within the requisite three days after the Board of Elections received the designating petition and accepted it for filing, therefore were timely (*see Miele*, 243 AD2d 566 [1997]; *Benson*, 84 AD2d at 604; *Bartolomeo*, 64 AD2d 660 [1978]). Petitioner's reliance on *Matter of Bush v Salerno* (51 NY2d 95 [1980]) is misplaced because, in that case, the issue before the Court concerned the six-day period within which specifications to general objections must be filed. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Pine, JJ.