[883 NE2d 1008, 854 NYS2d 101]

In the Matter of ROBERT FEHRMAN et al., Petitioners, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. (Proceeding No. 1.)

In the Matter of DARREL AUBERTINE, Respondent, v OSWEGO COUNTY INDEPENDENCE PARTY INTERIM COUNTY ORGANIZATION et al., Respondents, and NEW YORK STATE COMMITTEE OF THE INDEPENDENCE PARTY OF NEW YORK et al., Appellants. (Proceeding No. 2.)

Argued February 25, 2008; decided February 25, 2008

### APPEARANCES OF COUNSEL

*A. Joshua Ehrlich,* Albany, for New York State Committee of the Independence Party of New York and others, appellants.

*John Ciampoli,* Albany, for Will Barclay, appellant.

*Martin E. Connor,* Brooklyn, for Darrel Aubertine, respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed, without costs, the proceeding to invalidate the nomination of Will Barclay dismissed and the injunction preventing the State Board and County Boards of Elections from placing Barclay's name on the ballot vacated.

On the facts of this case, Darrel Aubertine, a nonmember of the Independence Party, lacked standing to challenge that party's compliance with its own rules (*see Matter of Nicolai v Kelleher,* 45 AD3d 960 [3d Dept 2007]; *Matter of Stempel v Albany County Bd. of Elections,* 97 AD2d 647 [3d Dept 1983], *affd* 60 NY2d 801 [1983]). Although, at a point before the first of these proceedings began, Aubertine had a bona fide claim to be the Independence Party's candidate for State Senator, events that preceded the start of the litigation eliminated any basis for such a claim. While Aubertine asserted in pleadings below that he was the Independence Party candidate, he promptly abandoned that assertion; he argued below and argues here that the Independence Party has not validly nominated any candidate. Under these circumstances, Aubertine is not an "aggrieved candidate" within the meaning of Election Law § 16-102.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, reversed, etc.