In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Gregory John Fischer as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 1st Senatorial District, the petitioner appeals from a final order of the Supreme Court, Suffolk County (Garguilo, J.), dated August 3, 2010, which denied the petition and, in effect, dismissed the proceeding.
Ordered that the final order is affirmed, without costs or disbursements.
Contrary to the petitioner’s contention, the Supreme Court correctly determined that his designating petition was not timely “filed” within the meaning of Election Law § 1-106 (1) (see Matter of Thomas v New York State Bd. of Elections, 44 AD3d 1155, 1156 [2007]; Matter of Montes-Amaya v Suffolk County Bd. of Elections, 33 AD3d 946, 947 [2006]; Matter of Amo v Orange County Bd. of Elections, 286 AD2d 454 [2001]; Matter of Hogan v Goodspeed, 196 AD2d 675, 676 [1993]; Matter of Persichetti v Bollatto, 109 AD2d 811 [1985]). The untimely filing of a designating petition “is a ‘fatal defect’ and the judiciary is foreclosed from fashioning any exceptions” (Matter of Amo v Orange County Bd. of Elections, 286 AD2d at 454, quoting Election Law § 1-106 [2]; see Matter of Raimone v Sanchez, 253 AD2d 506, 507 [1998]).
Also contrary to the petitioner’s contention, the respondents Joan A. Zaniskey and Thomas F. Henry timely filed their general objections to the designating petition (see Matter of Amello v Niagara County Bd. of Elections, 43 AD3d 638, 639 [2007]; Matter of Miele v Reda, 243 AD2d 566, 567 [1997]; Matter of Benson v Scaringe, 84 AD2d 603, 604 [1981]).
*658 The petitioner’s remaining contentions are without merit. Mastro, J.P., Florio, Dickerson, Belen and Roman; JJ., concur.