In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a so-called Wilson-Pakula certificate (see Election Law § 6-120 [3]) authorizing Francis X. Becker to appear on the ballot in a primary election to be held on September 14, 2010, for the nomination of the Conservative Party as its candidate for the public office of Representative in Congress from the 4th Congressional District, and to compel the issuance of a so-called Wilson-Pakula certificate to Frank J. Scaturro authorizing him to appear on that ballot for that nomination, and a related proceeding pursuant to Election Law § 16-102, among other things, to invalidate the designating petition of Frank J. Scaturro to appear on that ballot for that nomination, Frank J. Scaturro appeals from a final order of the Supreme Court, Nassau County (Winslow, J.), dated August 16, 2010, which, after a hearing, denied his petition, and, in effect, granted the petition in the related proceeding, and Francis X. Becker, Marty Blessinger, Roger Bogsted, Vincent Ciccolella, Kevin J. Crean, Daniel F. Donovan, Jr., John Fanning, Maryann T. Hughes, Daniel Lang, James McKenna, Dan McLane, Christopher Mistron, Maryann Webb, Edward F. Griffin, Jr., Richard Deangelis, Helen Goldman, and Patrick Florio II, cross-appeal from stated portions of the same final order.
Ordered that the cross appeal is dismissed, without costs or disbursements, as Francis X. Becker, Marty Blessinger, Roger Bogsted, Vincent Ciccolella, Kevin J. Crean, Daniel F. Donovan, *688 Jr., John Fanning, Maryann T. Hughes, Daniel Lang, James Mc-Kenna, Dan McLane, Christopher Mistron, Maryann Webb, Edward F. Griffin, Jr., Richard Deangelis, Helen Goldman, and Patrick Florio II, are not aggrieved by the final order (see CPLR 5511); and it is further,
Ordered that the final order is affirmed, without costs or disbursements.
“The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office . . . within the time prescribed by the provisions of [the Election Law] shall be a fatal defect” (Election Law § 1-106 [2]; see Matter of Plunkett v Mahoney, 76 NY2d 848 [1990]; Matter of Carr v New York State Bd. of Elections, 40 NY2d 556, 556-559 [1976]; Matter of Amo v Orange County Bd. of Elections, 286 AD2d 454 [2001]; Matter of Cosgrove v Sunderland, 253 AD2d 504 [1998]). Since courts are without the discretion to permit the late filing of a so-called Wilson-Pakula certificate (see Matter of Amo v Orange County Bd. of Elections, 286 AD2d 454 [2001]; Matter of Cosgrove v Sunderland, 253 AD2d 504 [1998]), we need not, under the circumstances of this case, where the deadline for filing has passed, address the contention of Frank J. Scaturro that the Conservative Party should be compelled to issue a so-called Wilson-Pakula certificate authorizing him to appear on the ballot in a primary election for the nomination of the Conservative Party as its candidate for the public office of Representative in Congress from the 4th Congressional District.
Since, in light of the foregoing, Scaturro has no legal basis upon which to assert a claim that he is entitled to the authorization of the Conservative Party for designation as its candidate, he therefore has no standing as an aggrieved candidate to seek to invalidate the so-called Wilson-Pakula certificate issued to and filed on behalf of Francis X. Becker (see Matter of Fehrman v New York State Bd. of Elections, 10 NY3d 759, 760 [2008]; Matter of Cane v Mahoney, 40 NY2d 819, 820 [1976]). Nor does Scaturro’s status as a candidate for the nomination of the Republican Party for the same public office give rise to standing as an aggrieved candidate to challenge Becker’s authorization, “because his challenge relates to the internal functioning of a political party of which he is not an enrolled member” (Matter of MacKay v Johnson, 54 AD3d 428, 430 [2008]; see Matter of Nicolai v Kelleher, 45 AD3d 960, 962-963 [2007]).
In light of our determination, the parties’ remaining contentions have been rendered academic. Florio, J.P., Miller, Dickerson, Leventhal and Chambers, JJ., concur.