■ In the Matter of Gino M. Nitti, Respondent, v William D. "Bill" Reilich, Individually and as Supervisor of Town of Greece, Vice-Chairman of New York Republican State Committee and Chairman of Monroe County Republican Committee, et al., Appellants, and Thomas F. Ferrarese, as Commissioner of Monroe County Board of Elections, et al., Respondents. [60 NYS3d 619]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Mark H. Fandrich, A.J.), entered August 16, 2017 in a proceeding pursuant to Election Law article 16. The order and judgment, insofar as appealed from, denied the motion of respondents-appellants to dismiss, granted in part the petition, invalidated the designating petition and certificates of authorization of respondent Brett C. Granville for Town of Greece Justice, and directed respondent Monroe County Board of Elections to strike Brett C. Granville's name from the certified ballot for the Republican primary election on September 12, 2017.

It is hereby ordered that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, the petition against respondents-appellants is dismissed and the third through fifth and seventh decretal paragraphs are vacated.

Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking, inter alia, to invalidate the designating petition and certificates of authorization for respondent Brett C. Granville for the office of Town of Greece Justice. In his petition, petitioner alleges that, at a meeting in April 2017, respondent Town of Greece Republican Committee (Town Committee) endorsed him to be a candidate for the office of Town of Greece Justice, but a designating petition was prepared that named Granville in place of him, despite the fact that Granville had not been endorsed or even nominated for that office at that meeting. Petitioner alleges that the Town Committee violated its own rules and the rules of respondent Monroe County Republican Committee in failing to circulate a designating petition naming him for the office. Supreme Court denied the motion of respondents-appellants (respondents) seeking to dismiss the petition against them and granted the petition in part.

Initially, we reject the contention of respondents that petitioner lacked standing to commence this proceeding inasmuch as we conclude that petitioner is an aggrieved candidate within the meaning of Election Law § 16-102. Petitioner, a member of the Republican Party, "had a bona fide claim" to be the Republican Party's candidate for the office in question and has standing to challenge the Party's compliance with its own rules (*Matter of Fehrman v New York State Bd. of Elections*, 10 NY3d 759, 760 [2008]; *see Matter of Burkwit v Olson*, 87 AD3d 1264, 1265 [2011]).

We agree with respondents, however, that the court erred in denying their motion and in granting the petition in part. Judicial intervention is warranted only upon " 'a clear showing that a party or its leaders have violated th[e] [Election Law] or the party's own rules adopted in accordance with law, or otherwise violat[ed] the rights of party members or the electorate' " (*Matter of Lehrer v Cavallo*, 43 AD3d 1059, 1061 [2007], *lv dismissed in part and denied in part* 9 NY3d 1001 [2007]; *see Matter of Valin v Adamczyk*, 286 AD2d 566, 566 [2001], *lv denied* 96 NY2d 718 [2001]). Here, petitioner failed to identify any specific provision of the Election Law or rule of the Republican Party that was allegedly violated. Present—Centra, J.P., NeMoyer, Troutman, Winslow and Scudder, JJ.