Matter of Eisemann v Kosinski (2023 NY Slip Op 04688)

Matter of Eisemann v Kosinski

2023 NY Slip Op 04688

Decided on September 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 20, 2023

CV-23-1668
[*1]In the Matter of Alexander E. Eisemann, Appellant,
v
Peter S. Kosinski et al., Constituting the New York State Board of Elections, et al., Respondents, and Francis A. Nicolai et al., Respondents.

Calendar Date:September 20, 2023

Before:Egan Jr., J.P., Lynch, Clark, Fisher and Powers, JJ.

Alexander E. Eisemann, South Salem, appellant pro se.
Abrams Fensterman, LLP, White Plains (Robert A. Spolzino of counsel), for Francis A. Nicolai and others, respondents.
Law Office of Jeffrey W. Gasbarro, Ossining (Jeffrey W. Gasbarro of counsel), for Francesca E. Connolly and others, respondents.

Per Curiam.
Appeals (1) from a decision of the Supreme Court (Thomas Marcelle, J.), rendered August 25, 2023, and an order of said court, entered August 29, 2023 in Albany County, which, in a proceeding pursuant to Election Law § 16-102, granted certain respondents' motions to dismiss the petition, and (2) from an order of said court, entered September 1, 2023 in Albany County, which denied petitioner's motion to renew and reargue, vacate the prior order and amend the petition.
The Democratic Party's judicial nominating convention for the Ninth Judicial District was conducted on August 10, 2023. At this convention, respondent Charles D. Wood and petitioner, among others, were nominated as potential candidates and, after discussion related to petitioner's eligibility to hold such office due to his age, two separate votes were conducted with Wood receiving a majority of votes in the second.[FN1] Therefore, by certificate of nominations filed August 14, 2023, the party named Wood and respondents Francesca E. Connolly, Rolf M. Thorsen and Larry J. Schwartz (hereinafter the candidates) as its candidates for the public office of Justice of the Supreme Court for the Ninth Judicial District for the general election on November 7, 2023. Petitioner, claiming to be an aggrieved candidate, commenced this proceeding in accordance with Election Law § 16-102 seeking to invalidate the certificate of nominations on the basis that the convention was not conducted in accordance with the adopted rules in that, among other violations, the convention chair, respondent Francis A. Nicolai, had ruled petitioner to be ineligible for nomination and failed to recognize requests to appeal this ruling.
Following amendment of the petition, the candidates and Nicolai in conjunction with respondents Suzanne M. Berger and Harry P. Bittker (hereinafter collectively referred to as respondents) separately answered and raised various affirmative defenses, including lack of standing. On the record at oral argument, Supreme Court found that petitioner lacked standing to commence this proceeding and granted respondents' motions to dismiss. Subsequently, on August 29, 2023, a written order of dismissal was entered finding that, because petitioner was ineligible for nomination to the office of Justice of the Supreme Court, he did not have standing as an aggrieved candidate pursuant to Election Law § 16-102 (1). In the interim, on August 28, 2023, petitioner moved to renew and reargue as well as to vacate the order of dismissal and sought leave to amend the petition to add an additional petitioner, Toby Marxuach-Gusciora, the chair of the Democratic Committee in the Village of Pelham Manor, Westchester County. Respondents opposed the requested relief and, in a September 1, 2023 order, Supreme Court denied petitioner's motion in its entirety. Petitioner appeals from Supreme Court's August 25, 2023 bench decision,[FN2] the August 29, 2023 order dismissing the petition and the September 1, 2023 order denying [*2]his postjudgment motion.
Initially, we find that Supreme Court properly granted respondents' motions to dismiss in the first instance. "The nomination or designation of any candidate for any public office . . . may be contested in a proceeding instituted in the supreme court by any aggrieved candidate, or by the chair[ ] of any party committee or by a person who shall have filed objections" (Election Law § 16-102 [1]). A person who, at the time of commencement of their prospective term of office, will not "meet the constitutional or statutory qualifications thereof" shall not be nominated for such position (Election Law § 6-122). Pursuant to NY Constitution, article VI, § 25, "[e]ach . . . justice of the supreme court . . . shall retire on the last day of December in the year in which he or she reaches the age of [70]." Furthermore, Judiciary Law § 23 sets forth that "[n]o person shall hold the office of judge, justice or surrogate of any court, whether of record or not of record, except a justice of the peace of a town or police justice of a village, longer than until and including the last day of December next after he [or she] shall be [70] years of age." Here, petitioner is currently 69 years of age and will turn 70 years of age before December 31, 2023. As such, petitioner's age at the commencement of the prospective term of office renders him ineligible for nomination to the office of Justice of Supreme Court, he is unable to demonstrate entitlement to that nomination and, accordingly, lacks standing to institute this proceeding for he is not an aggrieved candidate (see Matter of Fehrman v New York State Bd. of Elections, 10 NY3d 759, 760 [2008]; Matter of Cane v Mahoney, 40 NY2d 819, 820 [1976]; Matter of Scaturro v Becker, 76 AD3d 687, 688 [2d Dept 2010], lv denied 15 NY3d 706 [2010]; Matter of Nicolai v Kelleher, 45 AD3d 960, 962 [3d Dept 2007]; compare Matter of Nitti v Reilich, 153 AD3d 1131, 1132 [4th Dept 2017], lv denied 29 NY3d 915 [2017]).
We find no abuse of discretion in Supreme Court's denial of petitioner's postjudgment motion to renew as this motion simply sought "a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance" (Matter of Piacente v DiNapoli, 198 AD3d 1026, 1027 [3d Dept 2021] [internal quotation marks and citations omitted]; see Delosh v Amyot, 206 AD3d 1194, 1194 [3d Dept 2022]).[FN3] Furthermore, as the petition had already been dismissed at the time of petitioner's request to amend, there was no pending proceeding and, thus, no petition to amend (see Carpenter v Plattsburgh Wholesale Homes, Inc., 83 AD3d 1175, 1177 [3d Dept 2011]; see also Sodhi v IAC/InterActive Corp., 216 AD3d 556, 557 [1st Dept 2023]; Tanner v Stack, 176 AD3d 429, 429 [1st Dept 2019]). Nevertheless, petitioner remains ineligible for nomination and, as such, the amendment sought is palpably devoid of merit inasmuch as it "would not transform the petition into a viable one" (Matter of Prendergast [*3]v Kingston City School Dist., 242 AD2d 773, 775 [3d Dept 1997]; see Lilley v Greene Cent. Sch. Dist., 187 AD3d 1384, 1389 [3d Dept 2020]; Matter of Morini v Scannapieco, 286 AD2d 459, 460 [2d Dept 2001], lv denied 96 NY2d 718 [2001]; Matter of Bramwell v New York City Bd. of Elections, 224 AD2d 561, 561 [2d Dept 1996]). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Lynch, Clark, Fisher and Powers, JJ., concur.
ORDERED that the appeal from the decision rendered August 25, 2023 is dismissed, without costs.
Ordered that the orders entered August 29, 2023 and September 1, 2023 are affirmed, without costs.

Footnotes

Footnote 1: In the first round of votes, Wood received 68 votes and petitioner received 59 votes, where 82 votes were needed to secure the nomination. In the second round of votes, Wood obtained 84 votes and petitioner obtained 53 votes, resulting in Wood affirmatively winning the nomination over petitioner.

Footnote 2: As a bench decision is not an appealable paper, petitioner's appeal therefrom must be dismissed as it is not properly before this Court (see CPLR 5512 [a]; People v West, 193 AD3d 1127, 1128 [3d Dept 2021]; cf. Matter of King H. [Shaquille H.], 178 AD3d 1305, 1306 n 2 [3d Dept 2019]). 

Footnote 3: As petitioner has expressly abandoned any argument for vacatur of the prior order pursuant to CPLR 5015 and no appeal lies from the denial of a motion to reargue (see Matter of Piacente v DiNapoli, 198 AD3d at 1027), we limit our review of the September 1, 2023 order to the denial of petitioner's motion to renew and corresponding motion to amend the petition.