■ RAYMOND MENCONERI et al., Appellants, v PROFESSIONAL AUTO TRANSPORT, INC., Doing Business as PROFESSIONAL INVESTIGATIVE SERVICES, et al., Respondents. [636 NYS2d 497] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered June 8, 1994 in Dutchess County, which, *inter alia*, upon reconsideration, adhered to its prior order granting certain defendants' motion for summary judgment dismissing the complaint against them.

Allegedly acting as agent for defendant IBM Hudson Valley Employees Federal Credit Union, defendant Professional Auto Transport, Inc. repossessed the recreational power craft "Too Hot To Handle" and thereafter offered it for sale. In May 1991, plaintiff Raymond Menconeri sustained the injuries forming the basis for this action when he fell while climbing down from the dry-docked boat during the course of a prepurchase inspection. According to Menconeri, he fell when he stepped from a small platform on the rear of the boat to a free-swinging U-shaped apparatus, referred to as a skier's ladder, which hung down from the platform. As against Professional Auto Transport and its principal, defendant Michael Schermerhorn, the complaint alleges negligence, *inter alia*, in failing to warn

Menconeri of the proper manner of exiting the boat and in failing to provide a safe and proper means of doing so.

In August 1993, Professional Auto Transport and Schermerhorn moved and the credit union cross-moved for summary judgment dismissing the complaint. Concluding that the evidence presented on the motion established defendants' freedom from negligence as a matter of law, in March 1994 Supreme Court granted the motions. In April 1994, plaintiffs moved to renew and/or reargue the summary judgment motion of Professional Auto Transport and Schermerhorn upon the grounds that Supreme Court had previously overlooked or misapprehended the law and the facts and that they now had an affidavit of an expert that was previously unavailable. Supreme Court granted the motion and, upon reconsideration, adhered to its prior determination. Plaintiffs now appeal.

Although, as a general rule, renewal should be granted sparingly and only in cases where there exists a valid excuse for failing to submit the additional facts on the original application (see, SPA Realty Assocs. v Springs Assocs., 213 AD2d 781, 783; Matter of Beiny v Wynyard, 132 AD2d 190, 210, lv dismissed 71 NY2d 994), in an appropriate case it is within a trial court's discretion to grant renewal even upon facts known to the movant at the time of the original motion (see, Friedman v U-Haul Truck Rental, 216 AD2d 266; Canzoneri v Wigand Corp., 168 AD2d 593, 594). In view of the foregoing and considering that plaintiffs had not yet retained an expert at the time of the original motion, we cannot say that Supreme Court abused its discretion in granting renewal to permit consideration of the subsequently obtained expert affidavit. In addition, because Supreme Court initially resolved the motion solely on the basis of its conclusion that the skier's ladder was not defective and that its manner of operation was not concealed, without considering the negligence of Professional Auto Transport and Schermerhorn in failing to provide Menconeri with a safe and appropriate means of entering and exiting the boat, the grant of reargument was entirely justified (see, Matter of Mayer v National Arts Club, 192 AD2d 863, 865; Foley v Roche, 68 AD2d 558, 567).

Having granted renewal and reargument, however, we cannot agree with Supreme Court's adherence to its prior determination. In our view, plaintiffs have raised a legitimate factual issue concerning the negligence of Professional Auto Transport and Schermerhorn in causing or inducing Menconeri to utilize an unsafe means of entering and exiting the boat and in failing to provide a ladder, movable stairs or some other suitable

device. As a final matter, because plaintiffs' motion for renewal and/or reargument was addressed only to the summary judgment motion of Professional Auto Transport and Schermerhorn, we shall not consider plaintiffs' arguments concerning their claim against the credit union.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as, upon reconsideration, adhered to the prior determination granting the motion of defendants Professional Auto Transport, Inc. and Michael Schermerhorn for summary judgment dismissing the complaint against them; said motion denied; and, as so modified, affirmed.