■ SHAWN STOCKLAS, Appellant-Respondent, v AUTO SOLUTIONS OF GLENVILLE, INC., Respondent-Appellant, and RYAN D. DuBois et al., Respondents. (And Another Related Action.) [780 NYS2d 215]—

Mugglin, J. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered February 27, 2003 in Albany County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint, and (2) from an order of said court, entered November 10, 2003 in Albany County, which, inter alia, partially granted plaintiff's motion to renew and reinstated the complaint against defendant Auto Solutions of Glenville, Inc.

On August 17, 1999, plaintiff was driving his employer's step van on Route 156, a two-lane highway in the Village of Altamont, Albany County. Plaintiff claims that when he was four or five car lengths behind a minivan—owned by defendant Robert J. Stephan and driven by defendant Ryan D. DuBois—he observed it suddenly slow, almost to a stop, before starting to turn into a private road leading to the Altamont Fairgrounds. Plaintiff further claims that he was unable to avoid colliding with the rear of the minivan because of a combination of oncoming traffic and total brake failure of the step van he was driving—the brake pedal going to the floor each time he stepped on it. Plaintiff brought this action against Stephan, DuBois, defendant Auto Solutions of Glenville, Inc. and defendant Monro Muffler Brake, Inc. Auto Solutions sold the step van to plaintiff's employer and, thereafter, upon request, maintained and serviced it. Monro inspected the step van in February 1999 and issued a New York State inspection sticker. Following joinder of issue, all defendants moved for summary judgment dismissing the complaint. Supreme Court, finding the opinion of plaintiff's expert to be factually unsupported and conjectural, granted the motions. Plaintiff appeals from this order.

Plaintiff also moved for reconsideration, submitting a

supplemental affidavit of his expert in support of his motion. Supreme Court denied plaintiff's motion with regard to Monro, DuBois and Stephan, but granted plaintiff's motion to renew with regard to Auto Solutions, found an issue of fact, and reinstated the complaint against this defendant. Auto Solutions appeals from this order.

On the initial motions for summary judgment, we agree with Supreme Court that each defendant successfully shifted the burden to plaintiff to establish factual issues by the submission of admissible evidence (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). To meet his burden, plaintiff relied on his expert's affidavit. In reviewing Supreme Court's first order, we recognize that, in general, a "disagreement between . . . experts merely creates a question of credibility to be resolved by the finder of fact" (*Diehr v Association for Retarded Citizens of Chemung County*, 233 AD2d 818, 820 [1996]; *see Meseck v General Elec. Co.*, 195 AD2d 798, 799-800 [1993]). However, where an "expert fail[s] to provide a factual or scientific basis for [his or her] opinion, [it is] render[ed] conclusory and insufficient to defeat summary judgment" (*Rockefeller v Albany Welding Supply Co.*, 3 AD3d 753, 756 [2004]).

With respect to Stephan and DuBois, plaintiff relies on his expert's opinion that these defendants violated Vehicle and Traffic Law § 1166 by failing to use the existing turning and deceleration lane with the result that their vehicle was not positioned as far to the right as possible on the roadway. Supreme Court correctly determined that a deceleration or turning lane does not exist at that location, the highway being only two lanes wide, marked by fog lines on either side, and that the area referred to by plaintiff's expert is part of the shoulder of the highway (*see* Vehicle and Traffic Law §§ 140, 143-a), making the expert's opinion unsupported in fact and speculative.

Plaintiff further relied on his expert's opinion to attempt to establish liability against Monro. However, plaintiff's expert did not examine the step van until July 16, 2002, and he relied on plaintiff's claim that on five or six prior occasions when he operated this van, he noticed a "squishy condition" to the brakes which made it necessary to depress the pedal quite a distance to activate them. Plaintiff's expert opined that this condition was due to the brakes being out of adjustment and *if* that condition existed at the time of Monro's inspection, the inspection was inadequate. Supreme Court was fully justified in rejecting this opinion as unsubstantiated in fact and pure conjecture.

With respect to Auto Solutions, Supreme Court concluded

that plaintiff's expert failed to link plaintiff's description of the "squishy or spongy" condition of the brakes with the total failure of the brakes just prior to the accident. Again, we agree with Supreme Court that plaintiff's expert failed to establish any causal link between the condition of the brakes as described by plaintiff and total brake failure, making the expert's opinion unsupported by any factual basis. We thus conclude that Supreme Court correctly decided the initial motions for summary judgment and we affirm that order.

We next address Supreme Court's order granting plaintiff's motion to renew with respect to Auto Solutions, and reach a contrary conclusion. Such a motion "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; *see Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803, 804 [1996], *lv dismissed and denied* 88 NY2d 842 [1996]). Plaintiff's counsel concedes that his expert's more detailed explanation is not new evidence. In opposition to defendants' motions for summary judgment, plaintiff was obligated to "lay bare all of [his] proof in opposition to the original motion" (*Ramsco, Inc. v Riozzi*, 210 AD2d 592, 593 [1994]). Plaintiff has demonstrated no reasonable justification for not submitting this explanation in opposition to the original motions for summary judgment. While, as plaintiff urges, courts did, at one time, ignore this requirement and, in the exercise of discretion, grant motions to renew in the interest of justice (*see Menconeri v Professional Auto Transp.*, 223 AD2d 915, 916 [1996]), reasonable justification is now required by statute (*see* CPLR 2221 [e] [3]; *Greene v New York City Hous. Auth.*, 283 AD2d 458, 458-459 [2001]). Consequently, plaintiff's motion for renewal should have been denied in its entirety.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order entered February 27, 2003 is affirmed, with one bill of costs to defendants. Ordered that the order entered November 10, 2003 is modified, on the law, by reversing so much thereof as granted plaintiff's motion; motion denied in its entirety; and, as so modified, affirmed.