■ MARCI WEBBER, Appellant, v GINA SCARANO-OSIKA et al., Respondents. [943 NYS2d 240]—

Mercure, J.P. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered October 22, 2010 in Warren County, which, among other things, upon renewal, granted defendants' motion for summary judgment dismissing the complaint.

In February 2005, plaintiff commenced this action alleging breach of contract, breach of confidentiality and negligence stemming from a professional relationship between her and defendant Gina Scarano-Osika, a licensed psychologist and principal of defendant Osika and Scarano Psychological Services, P.C. These claims are based upon actions allegedly taken by Scarano-Osika through March 2002. Following joinder of issue, defendants moved in November 2009 for summary judgment dismissing the complaint. In May 2010, Supreme Court granted the motion to the extent of dismissing the breach of contract claim, but otherwise denied it.

Shortly thereafter, defendants learned that plaintiff had filed a petition for chapter 7 bankruptcy in the Northern District of New York in November 2004, more than two years after accrual of the claims at issue here. Although plaintiff had consulted with an attorney about the viability of the claims prior to filing her bankruptcy petition, the claims were not listed as a potential asset in the bankruptcy proceeding. She was granted a discharge by the bankruptcy court in February 2005, approximately two weeks after she commenced the instant action.

A few days after making this discovery, defendants moved for leave to amend their second amended answer to add additional affirmative defenses, including lack of capacity, based upon the bankruptcy proceeding. Defendants simultaneously moved both to renew their earlier motion for summary judgment, and to reargue the denial of that portion of their motion seeking to dismiss plaintiff's punitive damages claim. Supreme Court granted both the motion to amend and the motion to renew, and dismissed the complaint. The court concluded that plaintiff's

failure to schedule the instant claims in her bankruptcy proceeding deprived her of legal capacity to pursue this action. The motion to reargue was denied as moot. Plaintiff appeals and we now modify by denying defendants' motion to renew.

Turning first to defendants' motion for leave to amend, it is well settled that, where a proposed amendment is meritorious, leave should be freely granted absent prejudice or surprise to the other party (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Ciarelli v Lynch*, 46 AD3d 1039, 1039-1040 [2007]). Furthermore, "[m]ere lateness is not a barrier to the amendment" (*Edenwald Contr. Co. v City of New York*, 60 NY2d at 959 [internal quotation marks and citation omitted]). As relevant to the proposed affirmative defense of lack of capacity, we note that a debtor in a bankruptcy proceeding is required to include causes of action that accrued prior to commencement of the proceeding in the schedule of assets filed with the bankruptcy court; such disclosure enables the trustee to determine whether the claims should be administered by the bankruptcy court for the benefit of the creditors, or abandoned so that the debtor may pursue the claims on his or her own behalf (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191, 195-196 [1987]; *Mehlenbacher v Swartout*, 289 AD2d 651, 651-652 [2001]; *DeLarco v DeWitt*, 136 AD2d 406, 408 [1988]). If a cause of action is not listed as an asset, it remains the property of the bankruptcy estate and the debtor is precluded from pursuing it (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d at 195-196; *Hansen v Madani*, 263 AD2d 881, 882 [1999]).

Here, the uncontroverted evidence establishes both that plaintiff's claims accrued prior to commencement of the bankruptcy proceeding and that they were not listed with the bankruptcy court. Thus, defendants' affirmative defense of lack of capacity has merit (*see Whelan v Longo*, 7 NY3d 821, 822 [2006]). Because plaintiff failed to demonstrate prejudice or surprise, Supreme Court properly exercised its discretion in granting defendants leave to amend their answer.

We reach a different conclusion with respect to the motion to renew. To prevail upon a motion to renew, a party must proffer both "new facts not offered on the prior motion that would change the prior determination . . . and . . . reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see JPMorgan Chase Bank, N.A. v Malarkey*, 65 AD3d 718, 719-720 [2009]; *Johnson v Title N., Inc.*, 31 AD3d 1071, 1071-1072 [2006]; *Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622, 625 [2004], *lv dismissed*

*and denied* 4 NY3d 738 [2004]). As noted above, defendants have satisfied the first requirement; however, they failed to offer a reasonable justification for not presenting such facts on their prior motion.* Although defendants were apparently unaware of plaintiff's bankruptcy proceeding at the time they filed their motion for summary judgment, the existence of the proceeding was easily discovered by a private investigator, and the bankruptcy documents were obtained via a website that provides public access to case and docket information from federal courts. Inasmuch as this information could have been produced earlier with due diligence, defendants have failed to demonstrate a reasonable justification for the delay (*see JPMorgan Chase Bank, N.A. v Malarkey*, 65 AD3d at 720; *Johnson v Title N., Inc.*, 31 AD3d at 1072), and we are not at liberty to disregard this statutory requirement in the interest of justice (*see Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d at 625). Accordingly, we must reverse Supreme Court's order insofar as it granted defendants' motion for leave to renew their summary judgment motion and, upon renewal, granted summary judgment. The action having been reinstated, defendants' motion to reargue is no longer moot.

Lahtinen, Spain, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for leave to renew, granted summary judgment and dismissed the complaint and as denied defendants' motion to reargue as moot; motion to renew denied; and, as so modified, affirmed.

---

* While "courts did, at one time, ignore this requirement and, in the exercise of discretion, grant motions to renew in the interest of justice, reasonable justification is now required by statute" (*Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d at 625 [citation omitted]).