Matter of Piacente v DiNapoli (2021 NY Slip Op 05369)





Matter of Piacente v DiNapoli


2021 NY Slip Op 05369


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

530863
[*1]In the Matter of Jennifer Piacente, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Mackey, J), entered December 20, 2019, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for leave to renew or reargue.
On May 29, 2019, petitioner electronically filed a notice of petition and petition (made returnable on August 9, 2019), wherein she sought to challenge respondent's denial of her application for performance of duty and accidental disability retirement benefits. Due to a "clerical error," petitioner neglected to serve such papers upon respondent or the Attorney General as required by CPLR 7804 (c). Shortly before the return date, respondent moved to dismiss the petition — citing a lack of jurisdiction. Petitioner did not file any papers in opposition thereto, and Supreme Court (Melkonian, J.) granted respondent's motion to dismiss. In the interim, petitioner served respondent and the Attorney General with the notice of petition and petition on August 9, 2019.
Petitioner did not appeal from Supreme Court's judgment dismissing her petition but, rather, moved for leave to renew or reargue — asserting that Supreme Court overlooked the fact that respondent and the Attorney General had been served. Respondent opposed the motion contending, among other things, that petitioner had not advanced a valid basis for renewal or reargument and, further, that her eventual service of the required papers failed to cure the jurisdictional defect. Supreme Court (Mackey, J.) denied petitioner's motion, finding that petitioner did not advance a persuasive reason for failing to oppose respondent's motion to dismiss and, in any event, that renewal was not warranted given that service of the required papers occurred long after the applicable statute of limitations had expired. This appeal ensued.
No appeal lies from the denial of a motion to reargue (see Budin v Davis, 172 AD3d 1676, 1679 [2019]) and, therefore, the only issue before this Court is the propriety of the denial of petitioner's motion to renew. In this regard, "[a] motion to renew must be based on new facts not previously offered that would change the prior determination and must contain a reasonable justification for the failure to present such facts on the original motion. A motion to renew is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance, and the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion" (Walden v Varricchio, 195 AD3d 1111, 1114 [2021] [internal quotation marks and citations omitted]; see Williams v Annucci, 175 AD3d 1677, 1679 [2019]). We discern no abuse of that discretion here.
Although respondent acknowledges that petitioner came forward with a "new fact" — namely, the subsequent service of pleadings upon respondent and the Attorney General — we agree with Supreme Court that petitioner did not articulate a reasonable justification for her failure to oppose [*2]respondent's motion to dismiss upon that ground. In this regard, counsel for petitioner asserted that, once service upon respondent and the Attorney General occurred on August 9, 2019, he believed "that the situation was resolved" and that the "[j]urisdictional defect was timely corrected" and, therefore, he saw no need to oppose respondent's motion to dismiss. However, although counsel for respondent afforded petitioner additional time to respond to the motion to dismiss, the record makes clear that counsel neither extended the return date of such motion nor waived any jurisdictional defenses. Under these circumstances, petitioner's stated reason for failing to oppose respondent's motion to dismiss in the first instance was not reasonable (see Bazile v City of New York, 94 AD3d 929, 930-931 [2012]).
More to the point, and as Supreme Court aptly observed, the eventual service of pleadings upon respondent and the Attorney General did not warrant revisiting respondent's motion to dismiss, as there is no dispute that such service occurred well after the applicable statute of limitations had expired. The challenged administrative determination was rendered in January 2019, and petitioner admittedly did not serve respondent and the Attorney General until August 2019 — well beyond both the four-month statute of limitations set forth in CPLR 217 (1) and the 15-day grace period set forth in CPLR 306-b. Additionally, petitioner did not serve the required papers 20 days prior to the return date contained in the notice of petition (see CPLR 7804 [c]). As the new fact advanced by petitioner would not change the prior determination (compare Global Liberty Ins. Co. v Laruenceau, 187 AD3d 570, 571 [2020]), Supreme Court did not abuse its discretion in denying petitioner's motion to renew.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.