Carlucci v Dowd (2022 NY Slip Op 00090)





Carlucci v Dowd


2022 NY Slip Op 00090


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532203
[*1]Jade F. Carlucci et al., Individually and as Parents and Guardians of Arc, an Infant, Respondents,
v
Matthew Dowd et al., Defendants, and Christopher Allinger et al., Appellants.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Kenny Shelton Liptak Nowak LLP, Jamesville (Daniel K. Cartwright of counsel), for appellants.
Coughlin & Gerhart, LLP, Binghamton (Keith A. O'Hara of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Tait, J.), entered September 30, 2020 in Tioga County, which denied a motion by defendants Christopher Allinger and Brigid Allinger for summary judgment dismissing the complaint against them.
Plaintiffs commenced this action against defendants Christopher Allinger and Brigid Allinger, as property owners, and defendants Leila Dowd and Matthew Dowd, who lived on the Allingers' property pursuant to a rental agreement and who owned a dog that bit plaintiff's child, causing her injuries. Plaintiffs alleged, among other things, that the Allingers and the Dowds were strictly liable for the injuries suffered by the child. The Allingers then moved for summary judgment dismissing the complaint against them. After oral argument on the motion, the Allingers twice requested that Supreme Court deny the motion, and they provided a proposed order to that effect.[FN1] Plaintiffs did not object to the contents of the request or the request itself. Supreme Court accordingly denied the Allingers' motion for summary judgment, expressly noting within its order that the Allingers requested denial of the motion. The Allingers appeal.
Here, the order on appeal was not only on consent of the Allingers, but was expressly requested by them; thus, they received all of the relief that they requested. "A party that has received its sought relief is not aggrieved and, therefore, has no basis to take an appeal" (Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017]; see Porco v Lifetime Entertainment Servs., LLC, 176 AD3d 1274, 1275-1276 [2019]). Accordingly, the appeal must be dismissed.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, with costs.



Footnotes

Footnote 1: The letters by which the Allingers made these requests were obtained by this Court.