Carlucci v Dowd (2023 NY Slip Op 02572)

Carlucci v Dowd

2023 NY Slip Op 02572

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

535530 
[*1]Jade F. Carlucci et al., Individually and as Parents and Guardians of Arc, an Infant, Respondents-Appellants,
v
Matthew Dowd et al., Defendants, and Christopher Alinger et al., Appellants-Respondents.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Kenney Shelton Liptak Nowak LLP, Jamesville (Daniel K. Cartwright of counsel), for appellants-respondents.
Coughlin & Gerhart, LLP, Binghamton (Samuel M. Blakley of counsel), for respondents-appellants.

Garry, P.J.
Cross-appeals from an order of the Supreme Court (Gerald A. Keene, J.), entered May 12, 2022 in Tioga County, which, upon renewal, adhered to its prior decision denying a motion by defendants Christopher Allinger and Brigid Allinger for summary judgment dismissing the complaint against them.
In July 2018, plaintiffs' daughter (hereinafter the child) was attacked by a dog owned by defendants Leila Dowd and Matthew Dowd while at the Dowds' apartment, a unit that they rented from defendants Christopher Allinger and Brigid Allinger, the father and stepmother of Leila Dowd. Plaintiffs later commenced this action alleging that both the Dowds and the Allingers were liable for certain injuries sustained by the child and the emotional injuries of plaintiff Jade F. Carlucci, who was placed in the zone of danger when forced to rescue the child from the dog. Following joinder of issue and the completion of discovery, the Allingers moved for summary judgment dismissing the complaint against them, arguing that they lacked actual or constructive notice of the alleged vicious propensities of their tenants' dog and that a zone-of-danger theory of recovery cannot lie for injuries caused by domestic animals. In opposing the motion, plaintiffs asserted, in pertinent part, that a joint property management venture between the Dowds and the Allingers created an agency relationship between them, and thus the Dowds' alleged knowledge of the dog's vicious propensities should be imputed to the Allingers. After Supreme Court (Tait, J.) indicated its intent to withhold decision on the Allingers' motion and permit plaintiffs the opportunity to move to amend their pleading to add allegations of an agency relationship, the Allingers, in an effort to expedite the anticipated denial of their motion so as to appeal therefrom, requested that Supreme Court deny the motion rather than hold it in abeyance. Supreme Court granted that request, undertaking no evaluation of the merits. Given that the court's order was on consent of the Allingers, who had obtained all of the relief that they sought, this Court dismissed their subsequent appeal (201 AD3d 1082, 1082 [3d Dept 2022]).
During the pendency of that appeal, plaintiffs amended their complaint and were deposed for a second time. Proffering those depositions and the amended pleadings, the Allingers moved for leave to renew their prior motion and for summary judgment dismissing plaintiffs' newly-added theory of recovery. Plaintiffs opposed. Supreme Court (Keene, J.) concluded that the Allingers satisfied the elements of CPLR 2221 (e) but, upon renewal, adhered to the prior decision, finding that triable issues of fact remain. The Allingers appeal, and plaintiffs cross-appeal.
As a preliminary matter, plaintiffs' cross-appeal must be dismissed because they are not aggrieved by the order denying the Allingers' motion, despite any disagreement that they may have with its underlying rationale (see CPLR 5511; Parochial Bus Sys. v Board [*2]of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]; Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [3d Dept 2017]). However, plaintiffs' argument that Supreme Court abused its discretion in granting leave to renew may be addressed as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 545-546; Wiley v Marjam Supply Co., Inc., 166 AD3d 1106, 1108 n 1 [3d Dept 2018], lv denied 33 NY3d 908 [2019]). We turn to that argument first.
On a motion for leave to renew based upon new factual information, the proponent must not only set forth new facts not offered on the prior motion but also a reasonable justification for the failure to previously present such facts (see CPLR 2221 [e]). Here, the limited facts proffered by the Allingers on renewal concern only the alleged agency relationship between them and the Dowds and the Dowds' alleged knowledge of the dog's vicious propensities.[FN1] Their justification for not previously offering those facts was, expectedly, plaintiffs' belated addition of agency allegations to their complaint. There was, however, no effort by the Allingers to justify revisiting the theories of recovery that were unaffected by plaintiffs' amendment. Although "courts did, at one time, ignore this requirement and, in the exercise of discretion, grant motions to renew in the interest of justice, reasonable justification is now required by statute" (Stocklas v Auto Solutions of Glenville, Inc., 9 AD3d 622, 625 [3d Dept 2004] [internal citation omitted], lv dismissed & denied 4 NY3d 738 [2004]; see Webber v Scarano-Osika, 94 AD3d 1304, 1306 n [3d Dept 2012]). In the absence of any attempt to articulate why the substance of the prior motion should be revisited, we agree with plaintiffs that it was an abuse of discretion to grant the Allingers leave to renew, and there is therefore no basis to disturb Supreme Court's adherence to the prior denial of the Allingers' motion for summary judgment dismissing plaintiffs' original complaint.[FN2]
Moreover, the Allingers' challenge to plaintiffs' second cause of action, seeking damages for Jade Carlucci's emotional injuries, was a legal one, and thus what they essentially sought in this respect was not renewal but reargument (see CPLR 2221 [d] [2]; Reus v ETC Hous. Corp., 203 AD3d 1281, 1284 [3d Dept 2022], lv dismissed 39 NY3d 1059 [2023]; Matter of Jason V. v Katarina W., 176 AD3d 1440, 1441 n [3d Dept 2019]). Even if reargument had been timely sought (see CPLR 2221 [d] [3]), given that Supreme Court was silent as to that legal challenge, any aspect of the Allingers' motion seeking such relief must be deemed denied (compare Weaver v Weaver, 198 AD3d 1140, 1143 [3d Dept 2021]; Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv., 187 AD3d 1249, 1251 [3d Dept 2020]), and no appeal lies from the denial of reargument (see Piacente v DiNapoli, 198 AD3d 1026, 1027 [3d Dept 2021]; Walden v Varricchio, 195 AD3d 1111, 1114 [*3]n [3d Dept 2021]). Thus, although this aspect of the Allingers' motion presents an interesting legal question, it is not properly before us for a number of reasons. However, given that a trial is likely forthcoming, we find it important to note that the Allingers have failed to demonstrate any legal impediment to the availability of the zone-of-danger rule in this strict liability action (see generally Bovsun v Sanperi, 61 NY2d 219, 228-233 [1984]; Diaz v Little Remedies Co., Inc., 81 AD3d 1419, 1420 [4th Dept 2011]; Restatement [Third] of Torts: Physical & Emotional Harm § 47, Comment n).
As to plaintiffs' new allegations, " '[t]he general rule is that knowledge acquired by an agent acting within the scope of his or her agency is imputed to his or her principal and the latter is bound by such knowledge even if the information is never actually communicated to the principal' " (Pauszek v Waylett, 173 AD3d 1631, 1633 [4th Dept 2019] [brackets omitted], quoting Center v Hampton Affiliates, 66 NY2d 782, 784 [1985]; see King v Hoffman, 178 AD3d 906, 909 [2d Dept 2019]). According to the Allingers' own submissions, Matthew Dowd provided a variety of forms of assistance to them in managing their rental property, including performing renovations and repairs and fielding tenant complaints. Despite the Dowds' denials of such knowledge, the Dowds' former roommates testified that the dog — a mastiff pitbull mix that the Dowds rescued from an abusive owner — was aggressive and known to growl and bare its teeth. According to the roommates, the Dowds had expressed concerns that the dog would "turn against [them]." When not locked in the laundry room, the dog was kept outside on a thick tow chain; when neighbors would approach the property line, the dog would stand at the end of the chain on its hind legs aggressively barking until it choked itself. It is also unrefuted that the attack here, which caused extensive damage to the child's face, was unprovoked. There are therefore triable issues of fact as to whether Matthew Dowd had knowledge of the dog's vicious propensities (see generally Collier v Zambito, 1 NY3d 444, 447 [2004]) and whether that knowledge may be imputed to the Allingers (see Wilson v Livingston, 305 AD2d 585, 586 [2d Dept 2003]; see also Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039-1040 [2d Dept 2017]; Brundrige v Howes, 259 AD2d 895, 896 [3d Dept 1999]).
Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the cross-appeal is dismissed, without costs.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiffs' brief supplemental deposition testimony was, in all respects relevant to the theories of recovery set forth in the original complaint, cumulative of that previously presented (see Delosh v Amyot, 206 AD3d 1194, 1195 [3d Dept 2022]; Stocklas v Auto Solutions of Glenville, Inc., 9 AD3d 622, 625 [3d Dept 2004], lv dismissed & denied 4 NY3d 738 [2004]).

Footnote 2: We acknowledge that, even if the rigorous requirements for renewal are not satisfied, the First Department permits such relief where "substantive fairness" would otherwise be defeated (Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]; see Lambert v Williams, 218 AD2d 618, 620-621 [1st Dept 1995]). However, in the "rare case" that the First Department sanctions such use of renewal, it still requires that the movant present a reasonable justification for whatever prior failing is at issue (Henry v Peguero, 72 AD3d 600, 602 [1st Dept 2010], appeal dismissed 15 NY3d 820 [2010]; see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]). In any event, even if we were to extend the foregoing doctrine to the facts of this case, there is ample evidence to support the denial of summary judgment as to the Allingers (see Collier v Zambito, 1 NY3d 444, 446-447 [2004]; Loper v Dennie, 24 AD3d 1131, 1133 [3d Dept 2005]; Woodman v Rosier, 1 AD3d 1033, 1034 [4th Dept 2003]; Wilson v Livingston, 305 AD2d 585, 586 [2d Dept 2003]).