Burgos v Darden Rests., Inc. (2025 NY Slip Op 00009)

Burgos v Darden Rests., Inc.

2025 NY Slip Op 00009

Decided on January 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 2, 2025

CV-23-2083 CV-23-2406
[*1]Jose Burgos, Appellant-Respondent,
v
Darden Restaurants, Inc., et al., Respondents-Appellants.

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for appellant-respondent.
Law Offices of M. Randolph Belkin, Latham (Shawn T. Nash of counsel), for respondents-appellants.

Pritzker, J.
(1) Appeal from an order of the Supreme Court (Jeffrey A. Tait, J.), entered October 3, 2023 in Broome County, which, among other things, denied plaintiff's motion for partial summary judgment, and (2) cross-appeals from an order of said court, entered December 18, 2023 in Broome County, which, among other things, granted plaintiff's motion to renew.
In August 2020, plaintiff was injured on the job while demolishing a walk-in freezer at an Olive Garden restaurant in the Town of Vestal, Broome County. The restaurant building is owned by defendant Feinberg-Harris Properties, LLC, who leased the property to defendant N and D Restaurants, LLC (hereinafter N & D). The restaurant is managed by defendant Darden Restaurants, Inc., who hired DMC Facility Services, plaintiff's employer, to demolish the walk-in freezer at the restaurant. While plaintiff was accessing the top of the freezer from the building's roof and cutting around a sprinkler head that went into the freezer's ceiling, the freezer roof collapsed and plaintiff fell to the floor, sustaining injuries to his right side and head.
In January 2021, plaintiff commenced this action against Darden, Feinberg-Harris and defendant Olive Garden Holdings, LLC, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6) and common-law negligence. Shortly thereafter, plaintiff filed an amended complaint naming N & D as an additional defendant. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law §§ 240 (1) and 241 (6) against Darden, Feinberg-Harris and N & D. Feinberg-Harris opposed the motion, arguing that the Labor Law was inapplicable and that plaintiff's negligence was the sole proximate cause of his injuries. Darden, N & D and Olive Garden opposed the motion and cross-moved for partial summary judgment dismissing plaintiff's Labor Law §§ 200 and 241 (6) and common-law negligence claims against them. They argued, among other things, that plaintiff's conduct was the sole proximate cause of his injuries because he was provided with sufficient equipment and disregarded verbal instructions regarding the appropriate manner to disassemble the freezer.
Supreme Court held that the Labor Law applied to the situation, but denied plaintiff's motion for partial summary judgment. The court granted Darden, N & D and Olive Garden's cross-motion for summary judgment on the Labor Law §§ 200 and 241 (6) and common-law negligence claims. Thereafter, plaintiff filed a motion to renew or reargue and submitted, among other things, a supplemental expert affidavit. Supreme Court granted the motion but adhered to its original determination, denying plaintiff summary judgment. Plaintiff appeals from both orders and defendants cross-appeal from the order granting renewal and reargument, arguing that the court erred by permitting plaintiff to renew his motion for summary judgment.
Plaintiff argues that Supreme Court erred by denying his partial summary judgment [*2]motion as to his Labor Law § 240 (1) cause of action.[FN1] Specifically, plaintiff contends that the court erred in denying his motion as to this claim because cutting from above was the only safe way to perform the work, and he should have been provided with a portable scaffold or other similar apparatus. Labor Law § 240 (1) states, in relevant part, that in the demolition of a structure, owners and their agents shall furnish "scaffolding, hoists, stays, ladders . . . and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (see DeGraff v Colontonio,202 AD3d 1297, 1299 [3d Dept 2022], lv dismissed 39 NY3d 1150 [2023]). "Liability under this statute arises when a worker's injuries are the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Morin v Heritage Bldrs. Group, LLC,211 AD3d 1138, 1140 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Wood v Baker Bros. Excavating,205 AD3d 1113, 1114 [3d Dept 2022]). However, "[a] defendant has no liability under Labor Law § 240 (1) when plaintiffs: (1) had adequate safety devices available, (2) knew both that the safety devices were available and that they were expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had they not made that choice" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp.,34 NY3d 1166, 1167-1168 [2020] [internal quotation marks and citation omitted]; accord DeGraff v Colontonio,202 AD3d at 1299-1300).
"To prevail on a summary judgment motion for a Labor Law § 240 (1) claim, the plaintiff must show that the statute was violated and that the violation proximately caused his or her injury" (Barnhardt v Richard G. Rosetti, LLC,216 AD3d 1295, 1296 [3d Dept 2023] [internal quotation marks, brackets and citations omitted], lv dismissed 40 NY3d 1005 [2023]; accord Wheat v Town of Forestburgh,223 AD3d 1134, 1136 [3d Dept 2024]). The burden then shifts to the defendant to "raise a factual issue by presenting evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his or her injuries" (Wheat v Town of Forestburgh,223 AD3d at 1136 [internal quotation marks and citations omitted]; see Wood v Baker Bros. Excavating,205 AD3d at 1115).
Even if we were to find that plaintiff met his prima facie burden on his motion for partial summary judgment, given that defendants' submissions raised issues of fact, Supreme Court did not err in denying plaintiff's motion. In that regard, Darden and N & D submitted affidavits by Shawn Simmons, project manager at DMC, and Cory Munger, operations manager at DMC. Simmons averred that he provided plaintiff with a "Set-up Packet" and that he met with plaintiff prior to the accident to go over the packet and the work to be performed. The "Set-up Packet," attached [*3]as an exhibit to the affidavit, contained general instructions for the project, as well as the pictures and diagrams of the subject freezer. The packet did not contain specific instructions as to whether disassembly should be conducted from above or below; however, Simmons claimed to have verbally instructed plaintiff to complete the work from below, using the provided ladders. Simmons also stated that he directed plaintiff to contact him or another DMC representative if any issues arose during the project. Additionally, Simmons averred that DMC provided, among other things, a 6-foot step ladder, an 8-foot step ladder and a 20-foot extension ladder and that these were "the proper safety equipment" required for plaintiff to demolish the freezer. Munger's affidavit mirrored Simmons', but for the fact that Munger was not present at the alleged meeting between Simmons and plaintiff.
Based on the foregoing, defendants raised a triable issue of fact regarding the sufficiency of the equipment provided and whether plaintiff's negligence was the sole cause of the injury. Although the parties offer conflicting evidence as to what equipment was provided, they seemingly agree that it was sufficient to complete the job from below. Moreover, the affidavits of Munger and Simmons allege that plaintiff was told to demolish the freezer from below and was instructed to call a supervisor if plaintiff had questions or concerns during the job. Therefore, there is a triable issue of fact as to whether plaintiff actively ignored supervisor instructions and whether his conduct was the sole proximate cause of his injury (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund. Corp., 34 NY3d at 1167-1168; Abdelhay v 1105 Group Prop. Mgt., LLC,207 AD3d 1187, 1188 [4th Dept 2022]; compare Portillo v DRMBRE-85 Fee LLC,191 AD3d 613, 614 [1st Dept 2021]). However, to the extent that Supreme Court in its decision implied that there was no elevation-related hazard as a matter of law, we disagree with that finding and instead hold that there are issues of fact in this regard.
On their cross-appeal, defendants argue that Supreme Court erred in granting plaintiff's motion to renew. We agree. Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Carlucci v Dowd,216 AD3d 1286, 1288 [3d Dept 2023]). In his motion for leave to renew and reargue, plaintiff sought to admit a supplemental expert affidavit in which plaintiff's expert sought to clarify that accessing the freezer's ceiling was an essential task of disassembly. Plaintiff averred that this information was not proffered before because he was not on notice that he needed to address the different tasks required for disassembly. However, our review of the original motion papers reveals that, not only did the [*4]expert's original affidavit briefly address the need for plaintiff to climb on top of the freezer, but also that Darden and N & D's affirmations in opposition were sufficient to put plaintiff on notice that the necessity of plaintiff's work on the ceiling would be at issue (see e.g. Stocklas v Auto Solutions of Glenville, Inc., 9 AD3d 622, 625 [3d Dept 2004], lv dismissed & denied 4 NY3d 738 [2004]). Additionally, as plaintiff had already retained an expert, there was nothing preventing plaintiff from submitting additional evidence in reply to Darden and N & D's affirmations in opposition, prior to the court's original determination (compare Menconeri v Professional Auto Transp.,223 AD2d 915, 916 [3d Dept 1996]).Therefore, Supreme Court improperly granted plaintiff's motion to renew, and plaintiff's supplemental expert affidavit should not be considered on summary judgment (see Johnson v Title N., Inc., 31 AD3d 1071, 1072 [3d Dept 2006]; Davidson v Ambrozewicz,23 AD3d 903, 903-904 [3d Dept 2005]).
Garry, P.J., Egan Jr., Clark and Mackey, JJ., concur.
ORDERED that the order entered October 3, 2023 is affirmed, without costs.
ORDERED that the order entered December 18, 2023 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to renew; motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiff's arguments on appeal are limited to the denial of his partial summary judgment motion as to his Labor Law § 240 (1) cause of action. Plaintiff raises no arguments relative to the denial of his motion as to his Labor Law § 241 (6) claim or the granting of defendants' cross-motion for summary judgment as to the Labor Law §§ 200 and 241 (6) and common-law negligence causes of action. Therefore, plaintiff has abandoned these arguments on appeal (see Crawford-Reese v Woodard, 95 AD3d 1418, 1419 [3d Dept 2012]; Phoenix Signal & Elec. Corp. v New York State Thruway Auth., 90 AD3d 1394, 1395 n 1 [3d Dept 2011]).