| Joseph Chen, Inc. v Romona Keveza Collection LLC |
|:---:|
| 2025 NY Slip Op 30075(U) |
| January 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153413/2020 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. EMILY MORALES-MINERVA** | **PART**      **42M** |
| *Justice* | |

-------------------------------------------------------------------X

JOSEPH CHEN, INC., and DINA KOZLOVSKA,

         Plaintiff,

- v -

ROMONA KEVEZA COLLECTION LLC,ROMONA KEVEZA
ONE ROCK, LLC,ROMONA KEVEZA 1 ROCK LLC, and
ROMONA KEVEZA

         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153413/2020 |
| **MOTION DATE** | 07/11/2024 |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337

were read on this motion to/for        RENEW/REARGUE/RESETTLE/RECONSIDER .

APPEARANCES:

     Virginia & Ambinder, LLP, New York, NY (James E. Murphy,
     Esq., and Jenny S. Brejt, Esq., of counsel) for plaintiff.

     Herlihy LLP, White Plains, NY (Ali R. Jaffery, Esq., of
     counsel), for defendants.

HON. EMILY MORALES-MINERVA:

In this action, pursuant to the Freelance Isn't Free Act

(see Administrative Code of the City of New York, title 20, ch

10), plaintiffs JOSEPH CHEN, INC., and DINA KOZLOVSKA move

(sequence number 008), pursuant to CPLR § 2221(d), for an order

granting reargument, or in the alternative, pursuant to CPLR

§ 2221(e), for an order granting their motion to renew.

Defendants ROMONA KEVEZA COLLECTION LLC, ROMONA KEVEZA ONE ROCK,

LLC, ROMONA KEVEZA 1 ROCK LLC, and ROMONA KEVEZA oppose, and

**153413/2020 CHEN, JOSEPH vs. ROMONA KEVEZA COLLECTION LLC**
Motion No. 008

Page 1 of 6

1 of 6

[* 1]

cross-move seeking an order pursuant to CPLR § 2221(d), granting reargument and dismissing plaintiffs' complaint.

For the reasons set forth below, the Court denies both motions in their entirety.

ANALYSIS

A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion" (CPLR § 2221 [d] [2]).[1] "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided . . . or to present arguments different from those originally asserted" (Setters v AI Properties and Developments (USA) Corp., 139 AD3d 492 [1st Dept 2016]; see also Pro Brokerage, Inc. v Home Ins. Co., 99 AD2d 971, 971 [1st Dept 1984]. The purpose of reargument is to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (see generally Pro

---

[1] CPLR § 2221(d) states, "a motion for leave to reargue: (1) shall be identified specifically as such; (2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and (3) shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of entry."

**153413/2020  CHEN, JOSEPH vs. ROMONA KEVEZA COLLECTION LLC**
**Motion No.  008**

Page 2 of 6

<u>Brokerage, Inc.</u>, 99 AD2d at 971). Further, the granting of a motion to reargue is left to the sound discretion of the Court, whose decision the moving party seeks to reargue (<u>id.</u>; <u>see also</u> <u>Peak v Northway Travel Trailers Inc.</u>, 260 AD2d 840 [3d Dept 1999]).

Pursuant to CPLR § 2221(e), "a motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion" (<u>Burgos v Darden Restaurants, Inc.</u>, 2025 NY Slip Op 00009 [3d Dept 2025] [internal quotation marks omitted]).[2] "Renewal is granted sparingly and should not be used as a second chance freely given to parties who have failed to exercise due diligence in making their first factual presentation" (<u>Wade v Giacobbe</u>, 176 AD3d 641 [1st Dept 2019]).

*Plaintiffs' Motion to Renew and Reargue*

Plaintiffs seek to renew and reargue their motion for summary judgment (seq. no. 007), contending that the Court

---

[2] CPLR § 2221 (e) provides, "a motion for leave to renew: (1) shall be identified specifically as such; (2) shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and (3) shall contain reasonable justification for the failure to present such facts on the prior motion."

**153413/2020  CHEN, JOSEPH vs. ROMONA KEVEZA COLLECTION LLC**
**Motion No. 008**

Page 3 of 6

[* 3]

improperly considered arguments and evidence introduced by Defendants for the first time in their "Affirmation in Support and Opposition," with the relevant documents attached thereto (see NYSCEF Docs. Nos. 288-294). Plaintiffs argue that these submissions —- notably the "LinkedIn" screenshots purportedly showing Chen's employment relationships -- were submitted as an improper sur-reply and should not have been considered against Plaintiffs' motion.

However, irrespective of the procedural propriety of Defendant's reply, the court explicitly stated that the evidence submitted therein was not dispositive, and that the "record overall" raised sufficient factual questions regarding Chen's employment relationships to preclude summary judgment (see NYSCEF Doc. No. 297, Decision and Order, dated May 6, 2024, p 19; see also Macklowe v Browning School, 80 AD2d 790 [1st Dept 1981] [providing that reargument is not proper where the moving party fails to demonstrate a "controlling relevant fact or law" was overlooked or misapprehended].

Further, plaintiff had a full and fair opportunity to address the alleged procedural issues with the Defendants' reply at oral argument, held on March 21, 2024, but did not (see NYSCEF Doc. No. 295, Certified Transcript of Proceedings; cf. McCarthy v City of New York, 5 AD3d 445 [2d Dept 2004]).

**153413/2020   CHEN, JOSEPH vs. ROMONA KEVEZA COLLECTION LLC**
**Motion No. 008**

**Page 4 of 6**

As to Plaintiffs' motion to renew, they seek to submit additional evidence regarding the nature of Chen's relationship with individuals referenced in Defendants' LinkedIn screenshots. Plaintiffs, however, fail to provide a "reasonable excuse" for not presenting this evidence during the initial motion (see Illinois Nat. Ins. Co. v Zurich Am. Ins. Co., 107 AD3d 608 [1st Dept 2013]; see also Queens Unit Venture, LLC v Tyson Ct. Owners Corp., 111 AD3d 552 [1st Dept 2013] [providing that a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation]). Therefore, no grounds exist to grant a renewal.

*Defendants' Cross-Motion to Reargue*

Defendants move to reargue their cross-motion for summary judgment (seq. no. 007), alleging that the court misinterpreted the First Department's Order concerning the applicability of Freelance Isn't Free Act ("FIFA"). Offering an opinion of the law of this case does not make for the requisite showing that this court overlooked or misapprehended any such fact or law in denying the motion for summary judgment (see CPLR 2221(d)(2)).

Accordingly, it is

ORDERED that both plaintiffs JOSEPH CHEN, INC., and DINA KOZLOVSKA's motion to renew and reargue and Defendants' ROMONA

153413/2020   CHEN, JOSEPH vs. ROMONA KEVEZA COLLECTION LLC                    Page 5 of 6
Motion No.  008

5 of 6

KEVEZA COLLECTION LLC, ROMONA KEVEZA ONE ROCK, LLC, ROMONA

KEVEZA 1 ROCK LLC, and ROMONA KEVEZA cross-motion to reargue are

denied in their entirety.


THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT


| 1/10/2025 | | | |
|-----------|---|---|---|
| **DATE** | | *Emily Morales-Minerva* | |
| | | **EMILY MORALES-MINERVA, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153413/2020   CHEN, JOSEPH vs. ROMONA KEVEZA COLLECTION LLC**
**Motion No.  008**

Page 6 of 6

6 of 6