Holtz v Blackstone Bldrs. Holding Co., LLC (2025 NY Slip Op 01140)

Holtz v Blackstone Bldrs. Holding Co., LLC

2025 NY Slip Op 01140

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CV-23-1758
[*1]Kathleen I. Holtz, Respondent,
v
Blackstone Builders Holding Co., LLC, et al., Defendants, and Sahar Cohen Gershon, Appellant.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Peraino Malinowski LLP, New York City (Matthew C. Schwartz of counsel), for appellant.
Hilscher & Hilscher, Catskill (J. Theodore Hilscher of counsel), for respondent.

Clark, J.P.
Appeal from an order of the Supreme Court (Adam Silverman, J.), entered August 11, 2023 in Greene County, which partially denied a motion by defendants Sahar Cohen Gershon and Gary M. Jastremski to, among other things, renew.
Plaintiff [FN1] filed the instant action pursuant to RPAPL articles 5 and 15 in 2018, seeking to quiet title in a parcel of land located in the Town of Catskill, Greene County. In June 2021, a default judgment was entered against defendant Robb Blau, a portion of whose property plaintiff purported to own. Plaintiff and the nondefaulting defendants proceeded to a bench trial in August 2021. On December 1, 2021, as the parties awaited a decision, Blau sold his property to Hidden River, LLC, a New York limited liability company of which defendant Sahar Cohen Gershon (hereinafter defendant) was the sole member. Later that month, Blau moved to vacate the default judgment against him. In March 2022, Supreme Court denied Blau's motion [FN2] and, as relevant here, found that plaintiff was the lawful owner of the disputed parcel. Thereafter, in May 2023, defendant moved to intervene in the action and for leave to renew Supreme Court's decision and order after trial.[FN3] As to the motion to renew, defendant explained that a surveyor she had retained discovered two documents in plaintiff's chain of title that had not been proffered at trial which would change the court's holding. Plaintiff opposed. Supreme Court granted defendant's motion to intervene, but denied her motion to renew, finding that defendant failed to provide a reasonable justification for the failure to present the newly discovered documents at trial. Defendant appeals.
On appeal, plaintiff acknowledges that defendant proffered "new facts" in support of her motion for leave to renew (CPLR 2221 [e] [2]), as the 1824 deed and the 1865 will had not been proffered during the trial. As such, the central question on appeal is whether defendant, as the proponent on a motion for leave to renew, set forth "a reasonable justification for the failure to previously present such facts" (Carlucci v Dowd, 216 AD3d 1286, 1288 [3d Dept 2023]; see CPLR 2221 [e] [3]; Mula v Mula, 151 AD3d 1326, 1327 [3d Dept 2017]). "A renewal motion is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance, and the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion" (Matter of Vaughan v New York State Dept. of Transp., 223 AD3d 1010, 1012 [3d Dept 2024] [internal quotation marks and citations omitted], lv dismissed & denied 42 NY3d 945 [2024]; see Matter of Piacente v DiNapoli, 198 AD3d 1026, 1028 [3d Dept 2021]).
Although not directly raised by the parties, we first recognize that defendant was not involved during the trial in the instant action and, as such, could not have submitted evidence therein. However, as Blau's successor in interest, defendant stood in his shoes in making her motion for [*2]leave to renew (cf. Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575 [2d Dept 2020]).[FN4] In support of said motion, the surveyor set forth the chain of title for plaintiff's property, including the deed and the will which had not been proffered during the trial. However, the surveyor's affidavit makes clear that the 1824 deed was contemporaneously filed with the Greene County Clerk's office, and defendant failed to provide any reasonable justification for that document not being offered or how due diligence had been exercised (see Webber v Scarano-Osika, 94 AD3d 1304, 1306 [3d Dept 2012]). As to the 1865 will, the record is devoid of any explanation regarding its discovery and, other than counsel's generic assertion that finding it posed a "difficult challenge," defendant proffered no reasonable justification for the failure to present this document previously (see Matter of Piacente v DiNapoli, 198 AD3d at 1208; Wright v State of New York, 192 AD3d 1277, 1278-1279 [3d Dept 2021]).[FN5] As defendant failed to provide a reasonable justification for the lack of presenting either of these documents at trial, we discern no abuse of discretion in Supreme Court's denial of defendant's motion for leave to renew (see Kahn v Levy, 52 AD3d 928, 929-930 [3d Dept 2008]).
We also reject defendant's alternative request that we disregard the absence of a reasonable justification and grant her motion to renew in the interest of justice. "Although courts did, at one time, ignore [such] requirement and, in the exercise of discretion, grant motions to renew in the interest of justice, reasonable justification is now required by statute" (Carlucci v Dowd, 216 AD3d at 1288 [internal quotation marks and citations omitted]; see CPLR 2221 [e] [3]; Webber v Scarano-Osika, 94 AD3d at 1306 n). Defendant's remaining contentions, to the extent not expressly addressed herein, have been examined and found to lack merit.
Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff and her spouse, as co-owners of their property, commenced the instant action jointly, but plaintiff's spouse passed away during the pendency of this appeal. As full ownership of the property now lies with plaintiff, the merits of this appeal are unaffected, and we need not strictly adhere to the requirement that the proceedings be stayed pending substitution of the spouse's estate (see Bova v Vinciguerra, 139 AD2d 797, 798 [3d Dept 1988]; see also CPLR 1015, 1021).

Footnote 2: Blau appealed the denial of his motion to vacate. However, despite receiving extensions, Blau failed to timely perfect the appeal and it was dismissed.

Footnote 3: Defendant Gary M. Jastremski, who had obtained some property from defendant Blackstone Builders Holding Co., LLC since the conclusion of the trial, joined in the motion to intervene and for leave to renew. However, Jastremski did not appeal the denial of the motion to renew and has not participated in this appeal.

Footnote 4: We note that defendant admitted that, when Hidden River purchased Blau's property, she was aware that Blau was in default in the instant action, that a trial had taken place and that a decision was pending.

Footnote 5: Defendant attempts to support her contention that a reasonable justification existed by proffering new facts in her appellate brief for the first time. However, as those facts are not reflected in the record on appeal, they have not been considered (see Matter of Grange v Grange, 78 AD3d 1253, 1254 [3d Dept 2010]).